To a UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CROP INSURANCE<br>CORPORATION, et al.,<br><br>Defendant. | Civil Action No. 26-0842 (SLS) |

## **DEFENDANTS' MOTION FOR STAY OR IN THE ALTENRATIVE AN EXTENSION OF TIME TO FILE AN ADMINISTRATIVE RECORD**

Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (collectively the "Department"), through undersigned counsel, respectfully move to stay filing of an administrative record in this matter until ten days after the Department publishes its new manger's bulletin, which it expects to publish within sixty days.  Alternatively, the Department moves for an extension of time to submit an administrative record until ten days after it publishes the new manger's bulletin.  The current deadline to file the administrative record for MGR-26-002 is April 8, 2026.  The new deadline would be to file the administrative record associated with the new manager's bulletin.  Pursuant to Local Civil Rule 7(m), the undersigned conferred with Plaintiff who opposes the relief requested. The grounds for this motion are set forth below.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R.

Civ. P. 6(b)(1). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019). Plaintiff brings this action alleging MGR-26-002 violates the Administrative Procedures Act. *See generally* Compl.

The Department respectfully submits there is good cause for the requested stay, or, in the alternative, the proposed extension.

Pursuant to this Court's March 26, 2026, Minute Order, the Court reserved ruling on Plaintiff's emergency stay motion (ECF No. 3) and ordered the Department to file the administrative record for MGR-26-002 by April 8, 2026. The Court issued the Memorandum Opinion and Order on March 31, 2026, denying Plaintiff's emergency motion because Plaintiff failed to prove irreparable harm. As a result, there are no pending motions on MGR-26-002.

The Court required the administrative record to resolve whether Plaintiff was likely to succeed on the merits in its emergency motion pursuant to the D.C. Circuit's holding in *Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001). However, since the Court has resolved the emergency motion, and the Department expects to issue a new manager's bulletin in the coming months, there is good cause to delay filing an administrative record and for the administrative record that is filed to be the one associated with the new manager's bulletin. ECF Nos. 13 and 14.

A new manager's bulletin will necessarily entail a new administrative record because an administrative record cannot be finalized until a new manager's bulletin is drafted, finalized, and published. *Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985)) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing

court."). Because the new manager's bulletin is not yet in existence, a new administrative record cannot yet be created.

On the same day this Court issued its ruling denying Plaintiff's emergency motion, the Court entered a Minute Order directing the Parties to file a joint status report by April 6, 2026, about its proposed next steps, including an expedited briefing schedule if necessary. Min. Ord. March 31, 2026.

While conferring about proposed next steps, it has become apparent that filing an administrative record associated with MGR-26-002 is a source of disagreement between the Parties. The Department's position is that an administrative record should not be filed until the new manger's bulletin is published and a new administrative record is created because any further litigation will be based on the new manager's bulletin, and the Parties could resolve their disagreements without further litigation.

For example, Plaintiff's regulatory counsel reached out to the Department today requesting a meeting and providing a memorandum "specifying [Plaintiff's] questions and offering reasonable interpretations consistent with [Plaintiff's] understanding of RMA's concerns." Ex. A. The memorandum detailing Plaintiff's position is a first step in extrajudicial resolution. Ex. B. But, even if the Parties are unable to resolve their dispute through extrajudicial means, the attached documents, created by Plaintiff, and further correspondence between the Parties arising from Plaintiff's documents are likely to become part of any new administrative record for a new manager's bulletin.

Accordingly, the Court should stay filing an administrative record until after the new manager's bulletin is published. There are no pending motions or briefing schedule associated with MGR-26-002, and a new administrative record for a new manager's bulletin is not likely to

be identical, because, for example, Plaintiff's communications with the Department and further communications and research flowing from Plaintiff's communications are likely to be included in an administrative record for the new manager's bulletin.  *See* Ex. A and B.

The current deadlines in this case are a joint status report on how to proceed due on April 6, 2026, and the administrative record for MGR-26-002 due on April 8, 2026.  Plaintiff will not be prejudiced by a delay in filing an administrative record based on the new manager's bulletin, ten days after the new manager's bulletin is published, because there is no briefing schedule on MGR-26-002, and MGR-26-002 will become moot within the coming months when the Department issues a new manager's bulletin.

For the reasons above, there is good cause to grant this motion and to extend the deadline to file an administrative record until ten days after the filing of the new manger's bulletin.  A proposed order is attached.

*   *   *

Dated:  April 3, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:          */s/ Robert J. Morris, II*
        *Robert J. Morris, II*
D.C. Bar #1719434
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2534
robert.morris@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRISK INSURANCE SERVICES LLC,

      Plaintiff,

    v.

FEDERAL CROP INSURANCE
CORPORATION, et al.,

      Defendant.

Civil Action No. 26-0842 (SLS)

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion for stay or in the alternative for extension of time, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that the Department shall file the administrative record for the new manager's bulletin ten days after it publishes the new manager's bulletin

SO ORDERED:

_____
Date

_____
Sparkle L. Sooknanan
United States District Judge