# EXHIBIT A

## Kurtz, Chad E.

| | |
|---|---|
| **From:** | Zdebski, Charles |
| **Sent:** | Monday, April 6, 2026 11:56 AM |
| **To:** | Morris, Robert (USADC); Kurtz, Chad E. |
| **Cc:** | Zdebski, Charles |
| **Subject:** | RE: Brisk |

Robert –

Thank you for the response.  We will discuss with our client.

I disagree in every way with your statements and characterizations regarding Ken Ackerman's letter.  I also do not appreciate the ethical threat you made in an effort to gain an advantage in litigation.  For now, I will set those concerns aside while we try to work out the JSR and prepare an opposition to your late night Friday surprise motion.

~ Charlie



**Charles Zdebski**
**Member | Cozen O'Connor**
2001 M Street NW **|** Suite 500 **|** Washington, DC 20036
P: 202-280-6528
Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Monday, April 6, 2026 11:52 AM
**To:** Zdebski, Charles <CZdebski@cozen.com>; Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Hi Charles,

The Department will agree to a timeline for 50 days to publish a new manager's bulletin and a joint status report in 60 days about an expedited briefing schedule, if necessary.  Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Morris, Robert (USADC)
**Sent:** Monday, April 6, 2026 10:55 AM
**To:** 'Zdebski, Charles' <CZdebski@cozen.com>; Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** RE: Brisk

Good morning Charles,

1

Hope you are well. We had a great weekend and hope you did too.

I am checking with the Department if they will agree to less than the projected 60 days to publish a new manager's bulletin.

I don't know if you have reviewed the communication from Brisk's regulatory counsel to the Department on Friday. It is attached to the Department's motion to stay. If Plaintiff insists on litigating the current manager's bulletin, we are going to have to raise the improper communications with the Court. This is an untenable situation. Maybe there is a good faith belief that plaintiff's counsel reaching out to the Department about a new manager's bulletin is not the subject of this ongoing litigation because a new manager's bulletin isn't technically in existence (although it is arguably subsumed by this ongoing litigation). But, with plaintiff now wanting to litigate the current manager's bulletin, that communication was highly improper. Please inform regulatory counsel and your client that it may not use any attorneys to contact RMA, FCIC, or Patricia Swanson on its behalf regarding ongoing litigation.

Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Zdebski, Charles <CZdebski@cozen.com>
**Sent:** Monday, April 6, 2026 8:53 AM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>; Kurtz, Chad E. <ckurtz@cozen.com>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] Re: Brisk

Good morning, Robert. I hope you had a good weekend and enjoyed Easter with your family.

In your email below, you state: "**The Department will not agree to a firm date to publish the new manager's bulletin. The Department will not agree to an expedited briefing schedule at this time. And, the Department will not agree to stay any manager's bulletin.**" (Emphasis added.)

Given the Defendants' recalcitrance, Brisk has no choice but to move for summary judgment on the currently effective manager's bulletin. Brisk therefore proposes the following:

- Deadline for MSJ on MGR-26-002 = April 24
- Deadline for MSJ opposition = May 8
- Deadline for MSJ reply brief = May 15

- Deadline for MSJ on new bulletin = 10 days after issuance of new bulletin and corresponding admin record
- Deadline for MSJ opposition = 10 days after filing of MSJ
- Deadline for MSJ reply brief = 7 days of filing of MSJ opposition

If for some reason the Defendants reconsider their position today and agree to a reasonably acceptable firm date for issuance of the new manager's bulletin, then Brisk proposes the following:

- Deadline for new bulletin and corresponding admin record = May 19
- Deadline for MSJ = May 29 (or 10 days after bulletin and admin record are filed, whichever is earlier)
- Deadline for MSJ opposition = June 8 (or 10 days later, whichever is earlier)

◦ Deadline for MSJ reply brief = <u>June 15</u> (or 7 days later, whichever is earlier)

Please advise ASAP <u>this morning</u> to which of the above proposals you agree.  In the alternative, if you still will not agree to a reasonable proposal, let's please get on a phone call ASAP.

Thank you.

~ Charlie and Chad

---

**From:** Morris, Robert (USADC) <<u>Robert.Morris@usdoj.gov</u>>
**Sent:** Friday, April 3, 2026 5:00 PM
**To:** Kurtz, Chad E. <<u>ckurtz@cozen.com</u>>
**Cc:** Zdebski, Charles <<u>CZdebski@cozen.com</u>>
**Subject:** RE: Brisk

**<span style="color:red">**EXTERNAL SENDER**</span>**

Hi Chad,

The Department will not agree to a firm date to publish the new manager's bulletin.  The Department will not agree to an expedited briefing schedule at this time.  And, the Department will not agree to stay any manager's bulletin.

I answered your straightforward questions on the call yesterday.

Regarding the substance of the new administrative record, as you know, Brisk is reaching out to RMA, and what arises from Brisk reaching out to RMA is likely to be part of the administrative record for the new manager's bulletin—as mentioned on the call yesterday.  Regarding whether the new manager's bulletin will replace this one and contain the same three exceptions, again, as I answered on the call yesterday, I don't know the substance of the new manager's bulletin. And, as I mentioned on the call yesterday, the stay would be for filing an administrative record associated with a new manager's because any future litigation would be on the new manager's bulletin.

RMA is seeking a stay to file an administrative record and for the administrative record for the new manager's bulletin to be filed ten days after publishing the new manager's bulletin.  The ten days is to give sufficient time ensure all documents are included in the administrative record and to appropriately redact and label pursuant to the protective.  Attached are the draft protective order and the draft of the JSR for your review.

Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <<u>ckurtz@cozen.com</u>>
**Sent:** Friday, April 3, 2026 3:57 PM
**To:** Morris, Robert (USADC) <<u>Robert.Morris@usdoj.gov</u>>
**Cc:** Zdebski, Charles <<u>CZdebski@cozen.com</u>>
**Subject:** [EXTERNAL] RE: Brisk

Hi Robert,

It is not uncommon for parties to memorialize by email what was discussed on a call, and you notably have not identified any representation by you that is allegedly *not* correct. And I can't help but note that you have now twice used the very unusual, passive-tense phrase that the representations by you set forth in my email are "are not to be relied upon as accurate representations," which is different than you actually saying they are not accurate representations.

At any rate, I no longer was asking you to review my prior email but just to answer the five questions posed as part of the meet-and-confer obligations in connection with the "administrative record" dispute. You ignored them. As you know, the D.D.C. local rules require counsel to "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." If RMA is refusing to answer the five questions that Brisk is asking as part of its meet-and-confer obligations, please just explicitly say so rather than continue to ignore them. At this time, and without having the requested information to consider, Brisk cannot consent to the motion, and Brisk does not believe that RMA has met its meet-and-confer obligations by refusing to answer five straightforward questions relating to the administrative record.

I just want to clarify RMA's position: If RMA files a consent motion for a stay, it will ask that the administrative record be due on the same day it issues the new bulletin, but if it files a contested motion, it will ask that the administrative record be due 10 days after the bulletin is issued? If I have that correct, why the 10-day discrepancy?

Thanks,
Chad

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Friday, April 3, 2026 11:58 AM
**To:** Kurtz, Chad E. <ckurtz@cozen.com>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Hi Chad,

As I explained in the email, your representations of the call that you included in the email are not to be relied upon as accurate representations, and I am not going to go through and correct your email line-by-line.

As I explained on the call, a new administrative record follows the creation of a new regulation, and I have no representation for the substance of the new bulletin beyond what was placed in the draft JSR.

Please confirm whether you consent to staying the filing of an administrative record until the new manager's bulletin is published, at which point the administrative record for the new manager's bulletin will be filed.  If

4

not, we are filing a motion to stay filing of an administrative record until ten days after the new manager's bulletin is published.

Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Friday, April 3, 2026 10:44 AM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

Hi Robert,

Your point about the phone call is unfair. I asked you for a call *before* you sent a draft joint status report so the parties could meet and confer on the items to be addressed in the status report, but RMA then alone drafted a *joint* status report before first conferring with Brisk about the contents of it, which is highly unusual. Before I provide any redlines, I need to know where the parties agree and disagree so I know how to frame the issues, hence why I'm first waiting on answers from you.

As for the 45 days vs. 50 days, first, when I said 45 days on the phone, I was measuring from the April 6th deadline for the joint status report, not the March 30th date when RMA said it needed 30-60 days, such that the date I proposed on the phone and the date I propose now are virtually identical, and second, as I said below, I made a few minor tweaks to my proposal on the phone to account for weekends/where days fall on the calendar. In any event, I don't know why a single, immaterial five-day discrepancy would alone cause you to "disagree with *all* [my] characterizations" (emphasis added) in my email.

I understand your email below to say that every representation and understanding I set forth below, including that "RMA asks that a protective order be entered before any administrative record is filed," is inaccurate. I'm surprised that you're saying that every aspect of my recollection of our phone call is incorrect. At any rate, to avoid any doubt about my not understanding your responses, I will ask the questions again, as part of the meet-and-confer process over RMA's request to postpone the filing of the administrative record for MGR26-002:

◦ At this time, is RMA able to identify any documents or categories of documents that it anticipates could conceivably be included in the administrative record for the new bulletin that are not included in the administrative record for MGR-26-002 (with the exception of possibly the letter Brisk will soon send to RMA)?

◦ At this time, does RMA know whether it will, on the one hand, maintain the same three exceptions set forth in MGR-26-002 but simply seek to provide the information required under the change-in-position doctrine, or, on the other hand, also remove one or more of the three exceptions and/or add one or more exceptions?

○ At this time, does RMA have any reason to believe that any of the documents contained in the administrative record for MGR-26-002 will not be included in the administrative record for the new bulletin?

○ In a March 27th filing and then again in a March 30th filing, RMA represented to the Court that any new bulletin would "supplement" MGR-26-002. But in the draft status report you circulated yesterday, RMA now states that the new bulletin will "replace" MGR-26-002. Particularly given that RMA (understandably) does not yet know what the new bulletin will contain, what is the factual basis for RMA changing its position that the new bulletin will "replace" instead of "supplement" MGR-26-002?

○ In the draft status report you circulated, RMA requests that the deadline to file an administrative record for MGR-26-002 be "stayed." Is RMA in fact proposing that the deadline only be stayed, such that it *will* later file the administrative record for MGR-26-002 along with the administrative record for the new bulletin, or is RMA saying it wants to later file the administrative record *only* for the new bulletin?

Absent a factual understanding as to why RMA contends that the bulletin allegedly "will likely not have an identical administrative record," Brisk cannot consider joining in RMA's request to postpone the April 8th deadline. I suspect the Court would appreciate the parties narrowing the numbers of disputes raised in the joint status report, and so I'm hopeful that RMA will continue to meet and confer with Brisk on this "administrative record" issue.

Thanks,
Chad

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 **|** Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Friday, April 3, 2026 9:36 AM base
**To:** Kurtz, Chad E. <ckurtz@cozen.com>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Hi Chad,

I disagree with all your characterizations because the very first paragraph has something different than we discussed.  You asked for us to publish the bulletin within 45 days, not 50.

We provided you with a draft joint status report about where we stood for a plan.  Instead of providing a redline back, you wanted to jump on a call which is fine, but I am not going to go through your email and correct the rest of your representations about the call.

As I said in the call, I will check with my client about when it will publish the bulletin. I will check with my client about whether it will stay the manager's bulletin.  And, I will check with my client about whether to do a briefing schedule now or stick with the proposal in the joint status report moving forward.

Everything else in your email, including your representations, understandings, etc. are not to be relied upon as accurate representations.

Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Friday, April 3, 2026 8:43 AM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

Hi Robert,

Thanks for the call yesterday. I am writing to memorialize what was discussed, represented, and requested on the call (subject to a few tweaks after looking at where certain days fall on the calendar).

◦ **Deadline for new bulletin:** On March 30, RMA said it needed 30-60 days to issue a new bulletin, which would be April 29 to May 29. [Dkt. 13]. Brisk is requesting that RMA issue the new bulletin by no later than May 19 (giving RMA 50 days) to enable the Court to be in a position to decide the merits of the case by no later than June 30. Given the Court's "inten[t] to move expeditiously to resolve the merits of this dispute," we ask that RMA also agree to act in good faith to issue the new bulletin expeditiously to avoid RMA taking the full 50 days if it is unnecessary.

◦ **MSJ briefing schedule:** The parties initially disagree over whether to establish a MSJ briefing schedule now (Brisk's request) or to wait to do so until RMA issues its new bulletin (RMA's request). RMA's position is that Brisk may have no objection to the new bulletin, and Brisk's position is that, in the event it does object to the new bulletin, the Court will be in a better position to "move expeditiously to resolve the merits of this dispute," which the Court advised it "intends" to do "[g]iven the rapid ongoing developments" if the briefing schedule is established now. If Brisk has no objection to the new bulletin once it is issued, the need for an MSJ and the already-established briefing  schedule will be mooted, and so no harm to have acted proactively. Brisk's proposed schedule is as follows:

  ◦ Deadline for MSJ = 10 days after RMA issues its new bulletin (and no later than May 29)
  ◦ Deadline for MSJ opposition = 10 days after the MSJ is filed (and no later than June 8)
  ◦ Deadline for MSJ reply brief = 7 days after the MSJ is filed (and no later than June 15)

◦ **Administrative record:** Although RMA previously agreed to file the administrative record for MGR-26-002 by April 8, and an Order requires it do so, it no longer wants to do so on the basis that the new bulletin allegedly "will likely not have an identical administrative record." To try to understand why RMA

7

has that belief, I asked you questions during our April 2nd call and received the below answers. **Please let me know if you disagree with anything set forth below.**

    ◦ At this time, RMA is not able to identify any documents or categories of documents that it anticipates could conceivably be included in the administrative record for the new bulletin that are not included in the administrative record for MGR-26-002 (with the exception of possibly the letter Brisk will soon send to RMA, which RMA was unaware of until our call with you).

    ◦ At this time, RMA does not know whether it will, on the one hand, maintain the same three exceptions set forth in MGR-26-002 but simply seek to provide the information required under the change-in-position doctrine, or, on the other hand, also remove one or more of the three exceptions and/or add one or more exceptions.

    ◦ At this time, RMA has no reason to believe that any of the documents contained in the administrative record for MGR-26-002 will not be included in the administrative record for the new bulletin.

As to your statement that RMA does not want to be boxed in on the new bulletin, I agree, and we are not at all trying to box RMA in, but rather just asking why RMA believes at this time that the administrative record for the new bulletin "will likely not have an identical administrative record," especially when it seeks to rely on that belief to walk back an agreement to provide the administrative record for MGR-26-002 by April 8. Stated differently, if it is understandably premature for RMA to make any determination as to what the new bulletin will include, on what factual basis is RMA already preemptively asserting that the new bulletin "will likely not have an identical administrative record?"

I also understand the below from our call. **Please let me know if you disagree with anything set forth below.**

    ◦ I asked you the reasons RMA does not want to file the administrative record for MGR-26-002 by the April 8th deadline. The only reason you gave was that RMA does not want two administrative records on file, even if they are virtually identical. **Please let me know if there are any other reasons.**

    ◦ RMA asks that a protective order be entered before any administrative record is filed. During yesterday's call, I asked you to send me a draft protective order as soon as possible so that the protective order can be entered before RMA's April 8th deadline to file the administrative record. You said you would send it to me yesterday afternoon but I have not yet received. **Please send it as soon as possible so we can quickly review and provide any comments.**

    ◦ RMA remains *able* to file the administrative record for MGR-26-002 by the April 8th deadline.

Two follow-up questions:

    ◦ In a March 27th filing and then again in a March 30th filing, RMA represented to the Court that any new bulletin would "supplement" MGR-26-002. But in the draft status report you circulated yesterday, RMA now states that the new bulletin will "replace" MGR-26-002. Particularly given that RMA (understandably) does not yet know what the new bulletin will contain, what is the factual basis for RMA changing its position that the new bulletin will "replace" instead of

"supplement" MGR-26-002? Relatedly, if, as you indicated on the call, RMA does not wish to be boxed in at this early stage, why is RMA already boxing itself in to replace the bulletin rather than supplement it if RMA does not yet know what the bulletin will contain?

◦ In the draft status report you circulated, RMA requests that the deadline to file an administrative record for MGR-26-002 be "stayed." Is RMA in fact proposing that the deadline only be stayed, such that it *will* later file the administrative record for MGR-26-002 along with the administrative record for the new bulletin, or is RMA saying it wants to later file the administrative record *only* for the new bulletin?

As I explained on the call, because RMA has offered no reason to believe that the administrative record for the new bulletin will not be the same or virtually the same as that for MGR-26-002, Brisk insists that RMA file the administrative record for MGR-26-002 as agreed and ordered. Brisk will be in a far better position to file any MSJ within 10 days of the issuance of the new bulletin if RMA files now the administrative record for MGR-26-002.

\*\*\*

So Brisk has sufficient time to prepare the status report that is due on April 6, I am asking that you please respond to this email by the close of business today.

Thanks,
Chad

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Thursday, April 2, 2026 1:51 PM
**To:** Kurtz, Chad E. <ckurtz@cozen.com>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Chad, apologies, I thought accepting the teams invite was sufficient.  Yes, confirmed 3pm works. Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Thursday, April 2, 2026 1:41 PM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>

**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

Robert, I sent you an invite for 3 pm. Please confirm that works. Thanks.

> **Chad E. Kurtz**
> **Member | Cozen O'Connor**
> 2001 M Street NW, Suite 500 | Washington, DC 20036
> P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
> Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Thursday, April 2, 2026 10:53 AM
**To:** Kurtz, Chad E. <ckurtz@cozen.com>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Good morning Chad,

Attached is a proposed JSR for your review.  As a new manager bulletin will be published, we propose postponing briefing until the new bulletin is published and plaintiff has had an opportunity to review it.  Also, we are in the process of drafting a protective order for the administrative record documents and will send over for your review.

Happy to jump on a call this afternoon or tomorrow.  I am available after 1pm today and mostly available tomorrow. Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Wednesday, April 1, 2026 3:16 PM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

Thanks, Robert.

> **Chad E. Kurtz**
> **Member | Cozen O'Connor**
> 2001 M Street NW, Suite 500 | Washington, DC 20036
> P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
> Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Wednesday, April 1, 2026 3:15 PM

10

**To:** Kurtz, Chad E. <ckurtz@cozen.com>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Hi Chad,

Hope you are well.  I am in receipt of your correspondence.  I am waiting on a response back from my clients and will follow up when I have more information.  Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Wednesday, April 1, 2026 9:46 AM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] Brisk

Hi Robert,

In light of the parties' joint notice being due next Monday, April 6, and the Court's desire to decide this case on an expedited basis, would you be able to make time today for a call to discuss next steps? We are generally available all day, and would very much appreciate having the call at your earliest convenience so the parties can have sufficient time to prepare the joint notice.

Thanks,
Chad

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**