UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRISK INSURANCE SERVICES LLC,

Plaintiff,

v.

FEDERAL CROP INSURANCE
CORPORATION *et al.*,

Defendant.

Civil Action No. 26-0842 (SLS)

**JOINT STATUS REPORT**

Pursuant to this Court's March 31, 2026, Memorandum and Order (ECF Nos. 15 and 16, Plaintiff Brisk Insurance Services LLC ("Brisk") and Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (the "Department"), by and through undersigned counsel, respectfully proposed the following next steps.

**Brisk's position:**

Because, as set forth below, the Department only "expects to publish" any new bulletin within 50 days (reduced from the 60 days set forth in the Department's Motion for Stay or in the Alternative an Extension of Time to File an Administrative Record (Dkt. 18)), or by May 26, and that expected publication date—by no fault of the Department—could easily be pushed out and beyond the July 1st start of reinsurance year 2027, Brisk, in the interim, plans to file a summary judgment motion seeking to set aside MGR-26-002 as arbitrary and capricious on the basis that it

fails to comply with the change-in-position doctrine. Brisk proposes the following briefing schedule for that motion:

MGR-26-002 summary judgment motion = April 24, 2026
MGR-26-002 summary judgment opposition = May 8, 2026
MGR-26-002 summary judgment reply = May 15, 2026

If and when the Department issues a new bulletin to supplement, replace, or otherwise modify MGR-26-002, Brisk will promptly evaluate it to determine whether Brisk believes the new bulletin remains arbitrary and capricious. If Brisk concludes that the new bulletin is arbitrary and capricious, it will promptly move for summary judgment motion as to that bulletin. Brisk proposes the following expedited briefing schedule:

Administrative record for new bulletin = the day the new bulletin is published
"New bulletin" summary judgment motion = 10 days after the new bulletin is published
"New bulletin" summary judgment opposition = 10 days after the MSJ is filed
"New bulletin" summary judgment reply = 7 days after the MSJ opposition is filed

The Department proposes that (i) the administrative record for the new bulletin not be due until 10 days after the Department issues the new bulletin; and (ii) the parties not submit a proposed summary judgment briefing schedule until 10 days after the Department issues the new bulletin. (Dkt. 19-2, at 1). Brisk submits that 50 days (if not more) is sufficient time for the Department to prepare any new administrative record, especially where Brisk anticipates that the vast majority of any new administrative record will be the existing administrative record for MGR-26-002. Brisk also submits that it would be most efficient for the parties to agree to a briefing schedule now, rather than wait until 10 days after the issuance of any new bulletin, so that, if Brisk objects to the new bulletin, it can move forward with a summary judgment motion immediately.

The Department's requested stay of this case pending its issuance of a new bulletin is not warranted. As an initial matter, Brisk never "switched positions" on litigating MGR-26-002. Brisk was willing to consider foregoing an interim summary judgment motion as to MGR-26-002 if the Department were able to commit to a firm date reasonably in advance of July 1, 2026 to issue a new bulletin, but because the Department (understandably) could not do so, it is necessary for Brisk to proceed with the summary judgment motion. Particularly where the Department has offered no serious defense of its failure to comply with the change-in-position doctrine, MGR-26-002 should not be allowed to remain in effect for multiple months (via a stay of the case) while the Department works on the new bulletin.

Contrary to the Department's assertion below, there was no "improper communication" by a Brisk attorney to RMA, and Brisk is surprised the Department would make that accusation to the Court. Ken Ackerman, who was an RMA Administrator from 1993 to 2001, and thus is well aware of what constitutes proper versus improper communications with RMA, sent an email to RMA *not* as Brisk's regulatory counsel but as a consultant for Brisk. Indeed, Mr. Ackerman signed the email as "Ken Ackerman – Senior Advisor to Brisk." (Dkt. 18-1, at 2). He also copied Robert Morris, the Department's attorney, on the email, undermining any assertion that Mr. Ackerman was somehow trying to go around Mr. Morris. (*Id.* at 1). Brisk does not understand the Department's positions as to why Mr. Ackerman's email allegedly "may delay publishing a new manager's bulletin," or why the email allegedly requires Brisk to voluntarily dismiss this action.

**The Department's position:**

The Department expects to publish a new manager's bulletin within 50 days and proposes this case be stayed for 50 days for the Department to publish a new manager's bulletin and that this Court order another joint status report in 60 days to report on proposed next steps, including whether an expedited briefing schedule is necessary.[1]

At the time of Brisk's regulatory counsel's communication on Friday, April 3, 2026, there was no indication that Plaintiff would seek further litigation on MGR-26-002. Admittedly, it is a bit of a grey area for Brisk's regulatory counsel, who acknowledges in the memorandum that he is aware of the active litigation, to reach out to RMA about the current manager's bulletin and the new manager's bulletin that RMA is drafting without the consent of RMA's counsel while the parties are in active litigation. ECF No. 18-2 Ex. 2 at 1. It is a grey area because, at the time, the Department stated in its status reports that it is preparing a new manager's bulletin and the expectation is that any future litigation would be on the new manager's bulletin. However, Plaintiff has now switched positions and seeks to litigate MGR-26-002.

There is no longer a grey area, Plaintiff's counsel reached out to the undersigned's client without consent to discuss ongoing litigation. That interaction from Plaintiff's counsel may delay publishing a new manager's bulletin, conveniently providing Brisk with additional time to seek

---

[1]    The Department moved down from 60 days to 50 days to accommodate Plaintiff's request of 43 days to publish the manager's bulletin and to avoid having to raise the issue of Brisk's counsel's improper communications with the Department. *See* Pl.'s Opp'n to Mtn for Stay Ex. A (ECF No 19-2) at 2-4.

briefing on the current bulletin, MGR-26-002, while at the same time Brisk wants the Department to commit to an exact date that it will publish a new manger's bulletin. As such, expedited briefing is not warranted in this case, and this case should proceed in the normal course.

Plaintiff should not be permitted to proceed with expedited briefing, or any briefing for that matter, with respect to MGR-26-002. The proper course of action is for Plaintiff to voluntarily dismiss this case now that improper communication about ongoing litigation has taken place and to refile after the Department issues its new manager's bulletin. However, in the alternative, this case should be stayed for 50 days to allow time for the Department to publish a new manager's bulletin with a new joint status report in 60 days.

Dated: April 6, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

 */s/ Charles A. Zdebski*
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Counsel for Plaintiff*

/s/        *Robert J. Morris, II*
    ROBERT J. MORRIS, II
    D.C. Bar #1719434
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2534
    Robert.Morris@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2026, I caused the foregoing Joint Status Report to be served via ECF on all counsel of record.


   /s/ Charles A. Zdebski

Charles A. Zdebski