**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BRISK INSURANCE SERVICES LLC, *Plaintiff*, v. FEDERAL CROP INSURANCE CORPORATION, *et al.*, *Defendants*. | Civil Action No. 26 - 842 (SLS) Judge Sparkle L. Sooknanan |

## ORDER

The Defendants have filed Motions for Leave to File under Seal, ECF Nos. 25 & 26, certain portions of the Administrative Record, ECF No. 24. The materials that the Defendants seeks to seal include: (1) confidential business information about regulated parties, and (2) whistleblower complaints about some of the conduct at issue. Mem. in Support (Mem.), at 2, ECF No. 26-1. The Defendants ask this Court to seal these documents and to permit the Parties to treat them as either confidential or attorneys' eyes only pursuant to this Court's Protective Order, ECF No. 22. *Id.* The Court grants the Motions.

"[W]hen a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665

(D.C. Cir. 2017) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

Together, these factors largely weigh in favor of granting the Defendants' Motions. There is little public need in accessing private entities' "sensitive business information and trade secrets." *Metlife*, 865 F.3d at 671. There has been no prior public access to these materials. Mem. 4. And both parties object to disclosure. *Id.* There is a substantial privacy interest in confidential business information and whistleblower reports about them, which would be threatened by public disclosure in this case. *See Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 341 (D.D.C. 2021) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts[.]" (citation omitted)); *Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv., Co.*, 151 F.R.D. 478, 482 (D.D.C. 1993) (holding that the Court may put conditions on the disclosure of whistleblower materials). And the Parties shall discuss the portions of the materials relevant to this dispute in their public filings, mitigating any harm to the public's interest in accessing court proceedings. In sum, sealing is appropriate in this case.

For these reasons, the Court **GRANTS** the Defendants' Motions to Seal, ECF Nos. 25 & 26. The Defendants may file under seal the attachments to their Motions, ECF Nos. 25 & 26, which are designated as either attorneys' eyes only or confidential.

**SO ORDERED.**

---

SPARKLE L. SOOKNANAN
United States District Judge

Date:    April 14, 2026

2