UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRISK INSURANCE SERVICES LLC,

      Plaintiff,

    v.

FEDERAL CROP INSURANCE
CORPORATION *et al.*,

      Defendant.

Civil Action No. 26-0842 (SLS)

## JOINT STATUS REPORT

Pursuant to this Court's May 13, 2026, Minute Order Plaintiff Brisk Insurance Services LLC ("Brisk") and Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (the "Department"), by and through undersigned counsel, respectfully proposed the following next steps.

**I.     Brisk's Position:**

In its Complaint, Brisk contends that MGR-26-002, a manager's bulletin issued by RMA, violates the Administrative Procedure Act ("APA"). On April 8, 2026, the Department filed the administrative record for MGR-26-002. On April 22, Brisk filed a summary judgment motion as to MGR-26-002. On May 11, two days before the Department's summary judgment opposition/ cross-motion for summary judgment was due, RMA issued MGR-26-002.1, which supersedes MGR-26-002. On May 13, the Court denied the summary judgment motion as moot. (Dkt. 34).

Because Brisk contends that MGR-26-002.1, like its predecessor, violates the APA, Brisk plans to file an amended complaint to address the new bulletin and simultaneously move for summary judgment. In light of the Court's stated "inten[t] to move expeditiously to resolve the

merits of this dispute" via "expedited merits briefing" (Dkt. 15, at 1, 17), and the impending July 1, 2026 start of the 2027 reinsurance year, Brisk proposes the following expedited schedule:

• May 22, 2026 = deadline for the Department to file any administrative record materials for MGR-26-002.1 not included in the administrative record for MGR-26-002[1]

• June 1, 2026 = deadline for Brisk's amended complaint and summary judgment motion[2]

• June 22, 2026 = deadline for the Department's summary judgment opposition/cross-motion for summary judgment and answer to amended complaint

• June 29, 2026 = deadline for Brisk's reply brief in support of summary judgment motion/opposition to the Department's cross-motion for summary judgment

• July 6, 2026 = deadline for the Department's reply brief in support of cross-motion for summary judgment[3]

---

[1] Brisk understands that, in issuing MGR-26-002.1, the Department may have considered some additional materials not contained in the administrative record for MGR-26-002. Brisk requests that the Department be required to file those additional administrative record materials by May 22, 2026 so Brisk has sufficient time to consider them before filing its summary judgment motion. When the Department previously moved to extend the deadline for filing the administrative record for MGR-26-002, it proposed filing the administrative record for the new bulletin within 10 days after issuing the new bulletin. (Dkt. 18, at 1, 4). Under that proposal, because RMA issued MGR-26-002.1 on May 11, the administrative record would be due on May 21.

[2] Because of the new bulletin, Brisk necessarily needs to amend its Complaint to address MGR-26-002.1 instead of MGR-26-002. The Department contends Brisk must move for leave to do so, which would delay the case by almost an additional month. Brisk requests that it be permitted to file an amended complaint as matter of right in light of the new bulletin. To the extent the amended complaint asserts new arguments, the Department can address those arguments in its summary judgment opposition/cross-motion for summary judgment; it would be duplicative and unnecessary for the Department to both make "futility" arguments in any opposition to a motion for leave to amend and nearly identical substantive arguments in its summary judgment opposition/cross-motion for summary judgment.

[3] This schedule is in accordance with the briefing schedule set by the Court for Brisk's initial summary judgment motion, with 21 days allowed for an opposition brief/cross-motion, 7 days allowed for a reply brief/opposition to cross-motion, and 7 days allowed for a reply brief. (Minute Order dated April 7, 2026).

2

Under the Department's proposed schedule set forth below, the Court likely would not be in a position to decide Brisk's summary judgment motion until October 2026 at the earliest.[4] Three of the four AIPs with whom Brisk contracted omitted Brisk from their respective plans of operations (as the Department confirms below), and, although the fourth AIP included Brisk in its plan of operations, it purported to terminate its contract with Brisk as of July 1, 2026. As a result, as of now, and with MGR-26-002.1 in place, no AIP intends to use Brisk for SRA services at the start of the 2027 reinsurance year on July 1, 2026.

Brisk does not understand the Department's assertion below that Brisk allegedly "asks this Court to treat its motion for summary judgment as though it were an emergency motion to stay." Brisk is not asking the Court to stay anything. Further, *after* the Court denied Brisk's emergency motion to stay, it stated, "Given the rapid ongoing developments, the Court intends to move expeditiously to resolve the merits of this dispute." (Dkt. 15, at 17)

## II.    The Department's Position:

The Department proposes that this case proceed in the normal course. This Court denied Plaintiff's emergency motion to stay, finding that Brisk failed to show irreparable harm. *See* Mem. Op., ECF No. 15 at 17 ("Since Brisk fails to make a showing of irreparable harm before a final decision, the Court denies its request for a stay without addressing the other factors.").

Since that time, of the four Approved Insurance Providers, one has chosen to include Brisk in its 2027 Standard Reinsurance Agreement.  The Department has, in the past, and will in the

---

[4] The Department proposes (i) having Brisk need to move for leave to amend the complaint, which could take about a month; (ii) the Department having two weeks to answer the amended complaint; (iii) the Court not issuing a summary judgment briefing schedule until after the Department files its answer; and (iv) the Department having four weeks to file its summary judgment opposition/cross-motion for summary judgment and two weeks to file its reply brief in support of its cross-motion for summary judgment.

future, consider requests to add Brisk to a Standard Reinsurance Agreement at the request of an Approved Insurance Provider within seven days, including after the fiscal year has begun.  In other words, the July 1, 2026, deadline for the start of the 2027 Standard Reinsurance Agreement year is not dispositive of whether an Approved Insurance Provider may add Brisk.

In meeting and conferring with Plaintiff's counsel on May 15, 2026, Plaintiff proposed filing an amended complaint and motion for summary judgment at the same time on the MGR-26-002.1, and Plaintiff also sought to have the Department file the new administrative record before Plaintiff files its amended complaint.  At its essence, Plaintiff asks this Court to treat its motion for summary judgment as though it were an emergency motion to stay. But that request finds no support procedurally. If Plaintiff wishes to file an emergency motion to stay, it should do so via the appropriate vehicle, and it should have to prove all of the elements to warrant the entry of relief, including most critically, irreparable harm.

Absent an emergency motion, the Department proposes this case proceed in the normal course: after Plaintiff files an amended complaint pursuant to Rule 15, the Department will file its answer and certified list of contents of the administrative record pursuant to Rule 15 and Local Rule 7(n)(1).  Once the pleadings are complete, the parties would then propose a briefing schedule.

Alternatively, the Department proposes the following briefing schedule based on the Department and its attorney's need for adequate time to attend to this case while also balancing the responsibilities attendant to carrying a robust caseload. The Department requests:

(1) two weeks to file its answer and list of contents of administrative record after Plaintiff moves to file an amended complaint;

(2) one month to file its cross motion and opposition to Plaintiff's motion for summary judgment; and

(3) two weeks to file its reply in support of its cross motion for summary judgment.

Dated: May 18, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

 */s/ Charles A. Zdebski*
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

/s/        *Robert J. Morris, II*
    ROBERT J. MORRIS, II
    D.C. Bar #1719434
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2534
    Robert.Morris@usdoj.gov

*Counsel for Plaintiff*

*Attorneys for the United States of America*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of May 2026, I caused the foregoing Joint Status Report to be served via ECF on all counsel of record.

  /s/ Charles A. Zdebski
Charles A. Zdebski