**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>FEDERAL CROP INSURANCE<br>CORPORATION *et al.*,<br><br>                    Defendants. | Civil Action No.: 1:26-cv-00842 |

**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND
<u>TO ADMIT EXTRA-RECORD EVIDENCE</u>**

Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Attorneys for Plaintiff,
Brisk Insurance Services LLC*

Dated: May 29, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ........................................................................................................................... 1

I.      LEGAL STANDARD ............................................................................................................. 2

II.     ARGUMENT .......................................................................................................................... 3

      A.      **Supplementing the Record to Include the April 3, 2026 Letter is Appropriate Because Defendants Deliberately or Negligently Excluded the Document and it May Have Been Adverse to its Decision.** ....................................................................................................... 3

      B.      **Admitting Extra-Record Evidence is Also Appropriate Under the Circumstances.** ............................................................................................... 4

CONCLUSION ............................................................................................................................... 6

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Wildlands v. Kempthorne*,
530 F.3d 991 (D.C. Cir. 2008)................................................................................4, 6

*Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*,
143 F. Supp. 2d 7 (D.D.C. 2001)....................................................................................4

*Blue Ocean Inst. v. Gutierrez*,
503 F. Supp. 2d 366 (D.D.C. 2007).................................................................................3

*Citizens to Preserve Overton Park v. Volpe*,
401 U.S. 402 (1971), *abrogated on other grounds by Califano v. Sanders,* 430
U.S. 99 (1977).............................................................................................................2

*City of Dania Beach v. F.A.A.*,
628 F.3d 581 (D.C. Cir. 2010)....................................................................................2, 4

*Esch v. Yeutter*,
876 F.2d 976 (D.C.Cir.1989)......................................................................................3, 5

*Hill Dermaceuticals, Inc. v. Food & Drug Admin.*,
709 F.3d 44 (D.C. Cir. 2013).........................................................................................5

*IMS, P.C. v. Alvarez*,
129 F.3d 618 (D.C. Cir. 1997)........................................................................................2

*Marcum v. Salazar*,
751 F. Supp. 2d 74 (D.D.C. 2010)..................................................................................3

*Maritel, Inc. v. Collins*,
422 F. Supp. 2d 188 (D.D.C. 2006).................................................................................3

*Nat'l Mining Ass'n v. Jackson*,
856 F. Supp. 2d 150 (D.D.C. 2012).................................................................................3

*Natural Res. Def. Council v. Train*,
519 F.2d 287 (D.C. Cir. 1975).......................................................................................3

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*,
448 F. Supp. 2d 1 (D.D.C. 2006).................................................................................3, 5

*Safari Club Int'l v. Jewell*,
111 F. Supp. 3d 1 (D.D.C. 2015)....................................................................................2

*Stainback v. Sec'y of Navy*,
    520 F. Supp. 2d 181 (D.D.C. 2007) ................................................................2, 3, 4

*Theodore Roosevelt Conservation P'ship v. Salazar*,
    616 F.3d 497 (D.C.Cir.2010) ...................................................................................5

**Statutes**

5 U.S.C. § 706............................................................................................................3

Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*.............................................1, 2

**<u>INTRODUCTION</u>**

Plaintiff Brisk Insurance Services LLC ("Brisk") respectfully moves to supplement the Administrative Record (the "Record") to include evidence that should have been properly part of the Record but which Defendants omitted, and to admit extra-record evidence that Brisk respectfully submits is appropriately considered under the circumstances.

This action arises from Brisk's challenge to Manager's Bulletin MGR-26-002.1. Brisk contemporaneously moves for summary judgment on the basis that MGR-26-002.1 is an unlawful rule promulgated in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, on multiple bases. In connection with the substantive reasons for Brisk's challenge, Brisk seeks to supplement the Record and admit extra-record evidence to include the following documents and materials:

- An April 3, 2026 Letter from Brisk to RMA, which RMA possessed and improperly ignored and omitted from the Record, attached hereto as **Exhibit "A"**;

- Declaration of Anthony Jesina, which is extra-record evidence that establishes that the defendants failed to consider the veracity/authenticity/reliability of documents they improperly included in the Record and relied upon, attached hereto as **Exhibit "B"**; and

- Declaration of Marin Bozic, which is extra-record evidence necessary to establish that the defendants failed to consider the reasonable alternatives and all of the relevant facts, as well as to establish that the defendants failed to consider the veracity/authenticity/reliability of documents they improperly included in the Record and relied upon, attached hereto as **Exhibit "C"**.

As discussed further herein, Brisk respectfully submits that consideration of these materials in connection with Brisk's Motion for Summary Judgment is necessary and appropriate under both the factual circumstances and controlling legal precedent.

## I.    LEGAL STANDARD

The Administrative Procedure Act, 5 U.S.C. §701, *et seq.*, requires courts to review "the full administrative record that was before the [agency] at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977). "The 'whole' administrative record ... consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Stainback v. Sec'y of Navy,* 520 F. Supp. 2d 181, 185 (D.D.C. 2007) (internal quotation omitted).

While the general rule is that "courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made" by restricting their review to the administrative record supplied by the agency, courts allow parties to supplement the record where "they can demonstrate unusual circumstances justifying a departure from this general rule." *City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir. 2010) (citation omitted); *IMS, P.C. v. Alvarez,* 129 F.3d 618, 623 (D.C. Cir. 1997). "Supplementing the administrative record in an APA case means adding material to the volume of documents the agency considered, while admitting extra-record evidence means adding material outside of or in addition to the administrative record that was not necessarily considered by the agency." *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015). Here, Plaintiff seeks to do both.

In clarifying the distinction between supplementing the record and admitted extra-record evidence, D.C. District courts have explained:

2

> For a court to supplement the record, the moving party must rebut the presumption of administrative regularity and show that the documents to be included were before the agency decisionmaker. On the other hand, for a court to review extra-record evidence, the moving party must prove applicable one of the eight recognized exceptions to the general prohibition against extra-record review. *See Fund for Animals,* 391 F. Supp. 2d at 197–98 (citing *Esch v. Yeutter,* 876 F.2d 976, 991 (D.C. Cir. 1989) (identifying the eight exceptions)).

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006).

## II.    ARGUMENT

### A. Supplementing the Record to Include the April 3, 2026 Letter is Appropriate Because Defendants Deliberately or Negligently Excluded the Document and it May Have Been Adverse to its Decision.

To overcome the "presumption that [the agency] properly designated the administrative record," (*Maritel, Inc. v. Collins,* 422 F. Supp. 2d 188, 196 (D.D.C. 2006)), a plaintiff "must put forth concrete evidence that the documents it seeks to add to the record were actually before the decisionmakers." *Nat'l Mining Ass'n v. Jackson,* 856 F. Supp. 2d 150, 156 (D.D.C. 2012) (internal quotation and citations omitted). "If an agency did not include materials that were part of its record, whether by design or accident, then supplementation is appropriate." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) (citing *Natural Res. Def. Council v. Train,* 519 F.2d 287, 291 (D.C. Cir. 1975)).

The record must include "all materials that might have influenced the agency's decision, [ ] not merely those on which the agency relied in its final decision." *Stainback,* 520 F. Supp. 2d at 186 (internal quotation omitted). An "agency may not skew the record by excluding unfavorable information but must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Inst. v. Gutierrez,* 503 F. Supp. 2d 366, 369 (D.D.C. 2007).

> To determine whether a party has made a "strong showing" that a record is incomplete, it is necessary to comprehend what constitutes the "whole record." 5 U.S.C. § 706. At bottom, a complete administrative record should include all

3

materials that "might have influenced the agency's decision," and not merely those on which the agency relied in its final decision.

*Stainback v. Sec'y of Navy*, 520 F. Supp. 2d 181, 186 (D.D.C. 2007).

Here, the April 3, 2026 letter is appropriately admitted because the document was before the defendants and should have been included in the Administrative Record. It related directly to the issues considered by RMA and provided valuable insight, perspective, analysis and alternatives. Supplementing the record to include the April 3, 2026 letter is appropriate to provide a full record both of what was before RMA and data that is integral to the Court's review and decision.

**B.    Admitting Extra-Record Evidence is Also Appropriate Under the Circumstances.**

In addition to supplementing the record to include materials actually before the agency, it is also appropriate under the circumstances to admit extra-record evidence. The D.C. Circuit has recognized three instances in which supplementation of an administrative record may be appropriate before reaching the merits of an APA challenge to agency action: "(1) if the agency 'deliberately or negligently excluded documents that may have been adverse to its decision,' (2) if background information was needed 'to determine whether the agency considered all the relevant factors,' or (3) if the 'agency failed to explain administrative action so as to frustrate judicial review.'" *City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *American Wildlands v. Kempthorne,* 530 F.3d 991, 1002 (D.C. Cir. 2008)).

A party can establish that the administrative record is incomplete, and thus, extra-record evidence should be reviewed by a court if, *inter alia,* "it is necessary to determine whether the agency 'considered all the relevant factors[,]'" or "where there is a 'strong showing of bad faith or improper behavior' on the part of the agency." *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 11–12 (D.D.C. 2001) (internal citations omitted). Extra-record evidence

4

consists of "evidence outside of or in addition to the administrative record that was not necessarily considered by the agency." *Pac. Shores Subdiv.,* 448 F. Supp. 2d at 5. "[F]or a court to review extra-record evidence, the moving party must prove applicable one of the eight recognized exceptions to the general prohibition against extra-record review." *Id.* at 6 (internal citations omitted). The eight exceptions include:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Esch v. Yeutter,* 876 F.2d 976, 991 (D.C. Cir. 1989).

More recently, the D.C. Circuit has cautioned that the exceptions announced in *Esch* are "narrow" and that, "at most [*Esch*] may be invoked to challenge gross procedural deficiencies— such as where the administrative record itself is so deficient as to preclude effective review." *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (citing *Theodore Roosevelt Conservation P'ship v. Salazar,* 616 F.3d 497, 514 (D.C. Cir. 2010) ("The APA limits judicial review to the administrative record except when there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review.") (internal quotations omitted)).

Here, the extra-record evidence that Brisk moves to admit includes: (1) the Declaration of Anthony Jesina; and (2) the Declaration of Marin Bozic. This extra-record evidence is properly admitted because this background information is needed "to determine whether the agency

considered all the relevant factors," considered reasonable alternatives, and acted improperly in considering a fake AI generated report regarding Brisk. *See Am. Wildlands,* 530 at 1002.

The Declaration of Anthony Jesina, attached as Exhibit "B", relates to a document titled "Brisk Project Software Overview" which is attached to Mr. Jesina's declaration. His testimony shows that the document was not created by Farm Credit Services of America, FLCA and was not used by the organization in communicating about Brisk.

Mr. Bozic's declaration, attached as Exhibit "C", builds on this testimony and establishes that the document is fake and should not have been considered or relied upon by RMA, despite RMA's claim that it was provided by a purported federal contractor "whistleblower," a dubious claim at best. This declaration also establishes that Brisk contacted multiple AIPs to confirm the document was not genuine via phone calls and emails, including an AIP that was purportedly sharing the document (Rain and Hail). Brisk confirmed with the AIPs that the document was not a genuine Brisk or FCSA document. All of the AIPs contacted confirmed that they understood the document to be fraudulent and would not be distributing it.

In addition, Mr. Bozic's declaration shows that defendants, in many ways, did not consider all the relevant facts or the reasonable alternatives in promulgating MGR-26-002.1. It should properly be admitted as extra-record evidence.

## **CONCLUSION**

For these reasons, Brisk respectfully requests that this Court grant its Motion to Supplement the Administrative Record and to Admit Extra-Record Evidence.

Respectfully submitted,

By:    /s/ Charles A. Zdebski
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR

6

2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Attorneys for Plaintiff,*
*Brisk Insurance Services LLC*

Dated: May 29, 2026

7