UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>FEDERAL CROP INSURANCE<br>CORPORATION *et al.*,<br><br>       Defendant. | Civil Action No. 26-0842 (SLS) |

## JOINT STATUS REPORT

Pursuant to this Court's June 13, 2026, Minute Order Plaintiff Brisk Insurance Services LLC ("Brisk") and Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (the "Department"), by and through undersigned counsel, respectfully submit this joint status report on the below motions pending before the Court in this matter after meeting and conferring in person at 2pm in Defense counsel's office.

### A.  Brisk's Position.

**Motion to supplement the administrative record and submit extra-record evidence (Dkt. 39), and the related motion for leave to file supplemental brief (Dkt. 44)**

**April 3, 2026 letter:** The parties could not reach an agreement on this item.

**SRA appendices:** Defendants agreed to supplement the administrative record to include this item.

**Cover email for alleged whistleblower email:** Defendants agreed to supplement the administrative record to include this item.

**Mr. Jesina's declaration:** The parties could not reach an agreement on this item.

**Mr. Bozic's declaration:** In light of the Court's encouragement for the parties to "resolve their disagreements without Court intervention," Brisk has agreed to withdraw the argument seeking to submit Mr. Bozic's declaration as extra-record evidence.

In light of the parties' agreements, the motion for leave to file supplemental brief (Dkt. 44) may be denied as moot. The remaining items in dispute in Brisk's motion to supplement the administrative record and submit extra-record evidence (Dkt. 39) are (i) the April 3, 2026 letter; and (ii) Mr. Jesina's declaration.

## Motion to unredact certain administrative record documents and redesignate others (Dkt. 47)

With respect to the alleged whistleblower documents, the parties have agreed that, if the Court is amenable to it, Defendants will provide to the Court *in camera* unredacted versions of the alleged whistleblower documents (GOV000054-56, GOV000462, GOV000478) so the Court may consider the name and title of the alleged whistleblower and date(s) of the alleged whistleblower complaints.

In light of the Court's encouragement for the parties to "resolve their disagreements without Court intervention," Brisk has agreed to withdraw the argument seeking to unredact certain cost information.

In light of the parties' agreements, the motion to unredact certain administrative record documents and redesignate others (Dkt. 47) may be denied as moot.

## Motion to exclude Swanson Declaration (Dkt. 46)

The parties could not reach an agreement on this item. During the meet-and-confer efforts, Defendants cited *Clifford v. Peña*, 77 F.3d 1414, 1418 (D.C. Cir. 1996) for the proposition that agencies allegedly may submit declarations that "merely illuminate reasons

2

obscured but implicit in the administrative record." Brisk responded that Administrator

Swanson's declaration primarily paraphrases documents in the administrative record, and in no

instance illuminates any alleged "obscured but implicit" reason. Brisk asked Defendants to

identify any such alleged instance but Defendants declined to answer.  The Swanson declaration

also, in various paragraphs, supplies new justifications, responds to litigation arguments,

attributes regulatory intent and recites post-decisional events.

**Meet and confer regarding Defendants' forthcoming reply brief in support of cross-motion for summary judgment motion**

On the morning of Sunday, June 14, Brisk's counsel sent an email to Defendants' counsel

stating:

> We are writing with respect to defendants' reply brief in support of cross-motion to dismiss or, in the alternative, for summary judgment that is due this Wednesday, June 17. Although we do not foresee this being an issue, we wanted to flag an item now to avoid the need for any potential future motion practice: Defendants' filing is intended to be, and only be, a reply brief in support of the affirmative arguments made by defendants in support of their cross-motion. It is not intended to be a sur-reply brief enabling defendants to get the last word as to the arguments made by Brisk in support of its summary judgment motion. For example, where Brisk argued that RMA lacked regulatory authority to issue MGR-26-002.1, defendants responded as to why that is allegedly wrong, and then Brisk responded to defendants' argument in its reply brief, defendants may not use this filing to respond to Brisk's argument, or otherwise it would be an improper sur-reply brief filed without leave of court. The only three affirmative arguments made in defendants' cross-motion are (i) MGR-26-002.1 allegedly is not final agency action; (ii) MGR-26-002.1 allegedly satisfies the "displays awareness" and "good reasons" prongs of the change-in-position doctrine; and (iii) Brisk allegedly lacks contractual standing, and therefore defendants' reply brief should be limited to those three issues. Please confirm.

> If defendants in any way disagree, please provide your position in writing, and then we can discuss it in tomorrow's meet and confer, and advise the Court of the parties' respective positions in the joint status report.

Defendants' counsel did not respond to that email. During the in-person meet and confer,

Defendants' counsel confirmed that Defendants intend to use the reply brief to respond to the

arguments made by Brisk in its reply brief that were made in support of the arguments made in

3

Brisk's summary judgment motion. As an example, during the meet and confer, Brisk's counsel said that, in Brisk's summary judgment motion, Brisk argued that RMA lacked authority to issue MGR-26-002.1; in its summary judgment opposition, Defendants responded to that argument; and Brisk responded to that counterargument in its reply brief; Brisk's counsel asked Defendants' counsel if Defendants planned to respond to that reply-brief argument in its reply brief in support of cross-motion for summary judgment, and counsel said, "Yes."

Brisk raises this issue preemptively now because, if Defendants improperly use their reply brief in support of cross-motion for summary judgment as a sur-reply brief with respect to Brisk's summary judgment motion, Brisk will have no choice but to move to strike those portions of the reply brief, and Brisk prefers to avoid burdening the Court with further motion practice.

## B. <u>The Department's Position</u>

The Department sought to reach a resolution on all outstanding motions. Ex. 1. While the parties could not resolve everything, fortunately, the parties resolved two and one-third of plaintiff's outstanding motions.

The Department will file a supplemental administrative record that will include the SRA Appendices and an email redacted for individual identifying information, which will resolve Plaintiff's motion to unredact and redesignate and Plaintiff's motion for leave to supplement the record. (ECF Nos. 44 and 47).

The remaining motions are plaintiff's motion to supplement the administrative record and to admit extra-record evidence and plaintiff's motion to exclude declaration of patricia swanson. (ECF Nos. 39 and 46). With respect to ECF No. 39, plaintiff reports to affirmatively withdraw its request to submit the Bozic declaration.

4

Dated: June 15, 2026

 /s/ Charles A. Zdebski
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

 /s/       *Robert J. Morris, II*
    ROBERT J. MORRIS, II
    D.C. Bar #1719434
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2534
    Robert.Morris@usdoj.gov

*Attorneys for the United States of America*