| From: | Morris, Robert (USADC) |
|---|---|
| To: | Kurtz, Chad E.; Zdebski, Charles |
| Bcc: | gena.kochan@usda.gov; Georgiev-Remmel, Dimitar (USADC) |
| Subject: | RE: Brisk |
| Date: | Monday, June 15, 2026 5:46:34 PM |

The motion for leave (ECF No. 44) would be withdrawn as the relief is being obtained in full (SRA and email supplemented). The email will be redacted for the individual's name and identifying information.

The motion to unredact and redesignate (ECF No. 47) would be withdrawn as we are proposing that if the court so orders for in camera review the documents GOV000054-GOV00056, then we would provide them, and Brisk is dropping the request for confidential business information.

That would leave the motion to supplement the record and submit extra-record evidence (ECF No. 39)'s requests for the Jesina Declaration and the April 3, 2016 letter, and then the motion to exclude declaration (ECF No. 46).

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Monday, June 15, 2026 5:31 PM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>; Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

Brisk is not going to withdraw all the motions. If you agree to those three items, Brisk will agree to forego the Bozic dec and cost issue. At a minimum, let's narrow the issues for the Court.

See revisions below.

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Monday, June 15, 2026 5:26 PM
**To:** Kurtz, Chad E. <ckurtz@cozen.com>; Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Chad,

The offer isn't ala carte. We are looking to resolve all of the motions. Updated the offer based on the prior discussion below. In exchange for withdrawing the four motions, we would agree to:

- File a supplement to the record with the SRA appendices and the redacted email that attached the whistleblower complaint **[Redacted for anything other than name and date? You said it's two paragraphs. Please read the paragraphs and let us know.]**
- Submit the redacted whistleblower documents to the Court for *in camera* review if the Court so requests for administrative record documents GOV00054-GOV00056, GOV000462, and GOV000478 **What do you mean if the Court "so requests?" The Court is obviously not going to affirmatively request on its own. Please confirm this is acceptable: "The parties have agreed that, if the Court is open to it, defendants will provide the unredacted whistleblower documents *in camera* so the Court may consider the name and date(s)."**

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Monday, June 15, 2026 5:11 PM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>; Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Monday, June 15, 2026 5:02 PM
**To:** Kurtz, Chad E. <ckurtz@cozen.com>; Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

If the court requests to review the documents *in camera*, we have no problem providing them. **Ok, then we will advise the Court that the parties have agreed that, if the Court is open to it, defendants will provide the unredacted whistleblower documents in camera so the Court may consider the name and date(s).**

The cover email can be part of the supplemental record with the SRA appendices. **Ok.**

You seem to admit that the Swanson declaration illuminates the record. **No. The statement is not just illuminating the record but illuminating the record where the info is obscured but implicit. We once again ask defendants to identify any such instances.**

We do not agree to the Jesina or Bozic declaration. **Ok**

We are not amenable to any extension requests for the cost information.  Get an expert, which should have happened long ago. **Not permitted.**

As you know, RMA has tight deadlines over the next 48 hours. **I'm aware, but the Court scheduled this 8 pm deadline despite knowing that.**

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Kurtz, Chad E. <ckurtz@cozen.com>
**Sent:** Monday, June 15, 2026 4:46 PM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>; Zdebski, Charles <CZdebski@cozen.com>
**Subject:** [EXTERNAL] RE: Brisk

Robert,

We'll get back to you shortly but a few notes on the below.

We had proposed, in lieu of the Court deciding whether the whistleblower protection applies, to submit the document *in camera* so the Court could see the name of the alleged whistleblower and the dates. So, we'd be submitting not so the Court can assess whether the protection applies, but to see the name and date(s) and consider them. We thought that is what you had agreed to. Is that fine?

For the cover email, (i) especially where you're already supplementing the record, why not include the cover email in the record rather than just provide to us; if you just provide to us, the Court cannot consider it; and (ii) why would the cover email be AEO where the whistleblower memo is not? You can redact the name and date and anything else that Defendants reasonably believe in good faith could identify the whistleblower, but everything else should be business confidential.

As to "merely illuminate reasons obscured but implicit in the administrative record" proposition, we do not read anything in the declaration to illuminate something obscured but implicit. The vast majority of the paragraphs simply summarize the administrative record; nothing obscured there. Please identify which paragraphs you contend are triggered by that proposition.

If we forego the Bozic declaration, would you agree to allow the Jesina declaration?

For the cost information, would you agree to ask the court to extend the deadline until tomorrow at 2 pm? We'd like to see if we can come up with a solution for that one.

**Chad E. Kurtz**
**Member | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-463-2521  M: 484-680-0690  F: 202-640-5939
Email | Map | cozen.com

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Monday, June 15, 2026 3:55 PM
**To:** Zdebski, Charles <CZdebski@cozen.com>; Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Gentlemen,

Good meeting with you all today. Following up on our discussions on resolving plaintiff's four motions—motion to supplement the administrative record and submit extra-record evidence (ECF No. 39), motion for leave in support of the same (ECF No. 44), motion to unredact certain administrative record documents and redesignate others (ECF No. 47), and motion to exclude the Swanson Declaration (ECF No. 46).

We propose the following to resolve the four motions, and Plaintiff withdraws its motions:

- File a supplement to the record with the SRA appendices
- Provide a copy of the redacted email to plaintiff's counsel under the attorney's eyes only designation for review
- Submit the redacted whistleblower documents to the Court for *in camera* review if the Court so orders to ensure proper designations on GOV00054-GOV00056, GOV000462, and GOV000478

Additionally, here is a case reference supporting the Swanson declaration. Judicial review under the APA is limited to the administrative record, but the D.C. Circuit has long recognized a narrow and well-established exception allowing agencies to submit declarations that "merely illuminate reasons obscured but implicit in the administrative record." *Clifford v. Peña*, 77 F.3d 1414, 1418 (D.C. Cir. 1996) (quoting *Seafarers Int'l Union of N. Am. v. United States*, 891 F. Supp. 641, 647 (D.D.C. 1995), *aff'd sub nom. Clifford v. Pena*, 77 F.3d 1414 (D.C. Cir. 1996)).

Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

**From:** Zdebski, Charles <CZdebski@cozen.com>
**Sent:** Sunday, June 14, 2026 8:53 PM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Cc:** Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** [EXTERNAL] Re: Brisk

Actually Chad and I just talked. How about 2 pm at your office?

**From:** Zdebski, Charles <CZdebski@cozen.com>
**Sent:** Sunday, 14 June 2026 20:49:51
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>

**Cc:** Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** Re: Brisk

Hi Robert.  I've had a great weekend thank you. I hope you were able to enjoy some family time.

Thank you for your consent.  We of course consent as well.

And we can come to your office.  But can we do something earlier in the morning please?

---

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Sunday, 14 June 2026 20:08:34
**To:** Zdebski, Charles <CZdebski@cozen.com>
**Cc:** Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** RE: Brisk

**\*\*EXTERNAL SENDER\*\***

Charlie,

Hope you are having a great weekend.  Appreciate you letting us know about the filing snafus.

We consent to the motions to file under seal.  Please confirm plaintiff's consent to the Department's motion to file under seal for (1) the reply brief due on Wednesday and (2) the opposition to motion to unredact documents and redesignate others due on Tuesday in the event we cannot reach an agreement tomorrow.

In light of the Court's minute order, please let me know your availability tomorrow afternoon to meet at my office.  How is 1pm?

Thanks,

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534

---

**From:** Zdebski, Charles <CZdebski@cozen.com>
**Sent:** Saturday, June 13, 2026 6:56 AM
**To:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Cc:** Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** [EXTERNAL] Brisk

Good morning, Robert.

I made two mistakes yesterday which I want to bring to your attention and discuss corrective actions.

First, in Brisk's Motion to Unredact and Redesignate, I was so focused on the AEO material that I neglected to redact the Business Confidential material from the version we filed.  As soon as we realized this, we took remedial steps and filed Plaintiff's Mtn to Amend/Correct Dkt. 48 with the

corrected redacted version as an attachment (Dkt. 52). We will follow up with the clerk first thing Monday morning to ensure that Pacer is corrected and the unredacted version is removed.

Second, in the heat of trying to get everything done, we filed our standard motions to seal which we described as consent motions. However, I neglected to reach out to you to confirm that you would consent, although I'm sure you would. Can you please let me know today whether you consent? If necessary, I will correct the record.

Thank you.

~ Charlie

**Charles Zdebski**
**Member | Cozen O'Connor**
2001 M Street NW | Suite 500 | Washington, DC 20036
P: 202-280-6528
Email | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*