**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC, | |
| Plaintiff, | Civil Action No. 1:26-cv-00842 (SLS) |
| v. | |
| FEDERAL CROP INSURANCE CORPORATION *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION TO UNREDACT**
**CERTAIN ADMINISTRATIVE RECORD DOCUMENTS**
**AND REDESIGNATE OTHERS**

Plaintiff Brisk Insurance Services LLC respectfully moves the Court for an order requiring defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of the Risk Management Agency to unredact certain documents in the certified administrative record and redesignate others. The bases for this motion are set forth in the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

Respectfully submitted,

By:    /s/ Charles A. Zdebski
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com
*Attorneys for Plaintiff,*
Dated: June 12, 2026                    *Brisk Insurance Services LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BRISK INSURANCE SERVICES LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:26-cv-00842 (SLS) |
| FEDERAL CROP INSURANCE CORPORATION *et al.*, | |
| Defendants. | |

**MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION TO UNREDACT
CERTAIN ADMINISTRATIVE RECORD DOCUMENTS
AND REDESIGNATE OTHERS**

Plaintiff Brisk Insurance Services LLC respectfully moves the Court for an order requiring

defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson,

in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator

of the Risk Management Agency to unredact certain documents in the certified administrative

record and redesignate others.

## I.    BACKGROUND

On May 25, 2026, Defendants filed the certified administrative record in this matter

("AR"). (Dkt. 38). The AR includes, among other things, two categories of documents relevant

here as to which Defendants claimed various protections. First, there are several pages -

GOV00054-56, GOV000462, and GOV000478 - with names and other information redacted to,

according to counsel for Defendants, protect an alleged "whistleblower" from having his or her

identity revealed. Second, Defendants have designated certain cost information documents in the

AR as Attorneys' Eyes Only, (GOV1794-95; GOV001801-02), then argued based on that cost

2

information that ████████████████████████████████████████ thus providing a basis for MGR-26-002.1. *Defendant's Memorandum in Support of Defendants' Combined Opposition to Plaintiff's Motion for Summary Judgment, and Defendants' Cross-Motion to Dismiss, or in The Alternative, for Summary Judgment* (Dkt. 43) ("*Opposition*"), at 11. The AEO designation allows Defendants to make their cost argument while precluding Plaintiff's counsel from working with those with the requisite knowledge – Brisk businesspeople – to prepare a substantive response to the cost argument.

## II.     ARGUMENT

Plaintiff requests that the Court order Defendants to: (1) unredact documents allegedly relating the identities of purported "whistleblowers" and (2) redesignate certain cost information from AEO to Business Confidential. No whistleblower protection applies here and Defendants cannot use the AEO designation as both a sword and a shield, making an argument based on allegedly AEO information while using that designation to preclude Plaintiff from presenting an informed and meaningful response.

### A     No "Whistleblower" Protection Applies Under 41 U.S.C. § 4712.

Defendants have redacted GOV00054-56, GOV000462, and GOV000478 on the grounds that they must protect the identity of a purported whistleblower, and the dates of the alleged whistleblower complaints, under 41 U.S.C. § 4712, the federal contractor whistleblower statute. The statute protects against employment-related reprisals against whistleblowers who meet the statute's requirements for protection. *See* 41 U.S.C. § 4712(a). In addition, when a federal contractor employee makes a complaint alleging employment-related reprisal to an appropriate federal official, *see* 41 U.S.C. § 4712(b)(1), the statute prohibits the official from disclosing "any information from or about any person alleging the reprisal . . . ." 41 U.S.C. § 4712(b)(3).

The United States Supreme Court has provided clear guidance on statutory interpretation:

> As in all cases involving statutory construction, "our starting point must be the language employed by Congress," *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979), and we assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). Thus "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2055, 64 L.Ed.2d 766 (1980).

*Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982).  *See State of Conn. v. Schweiker*, 684 F.2d 979, 987–88 (D.C. Cir. 1982) *(quoting American Tobacco Co. v. Patterson,* 456 U.S. 63 (1982) *(quoting Reiter v. Sonotone Corp.*, 442 U.S. 330, 337 (1979))).

The United States District Court for the District of Columbia has applied these longstanding canons of statutory construction to Section 4712.

> The Court begins, as it must, with the statutory text. *See BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91, 127 S.Ct. 638, 166 L.Ed.2d 494 (2006). Section 4712 provides that "[a]n employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor may not be discharged, demoted, or otherwise discriminated against" in retaliation for certain protected activities. 41 U.S.C. § 4712(a)(1). . . . Definitionally, it is typically (and, indeed, almost always) the employer who can fire the employee or reduce that employee's position or pay. *See Delebreau v. Danforth*, 743 F. App'x 43, 44 (7th Cir. 2018) (holding that a plaintiff could not sue her supervisors in their personal capacities under Section 4712, as "in their *personal* capacities they cannot discharge, demote, or discriminate in employment" (emphasis in original)). And although the statute's additional catchall prohibition on a contractor "otherwise discriminat[ing] against" a person in reprisal might be read as including actions not so tied to an employer-employee relationship, the *ejusdem generis* canon of statutory interpretation instructs that such "general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Wash. State Dep't of Soc. and Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 384, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003) (citation modified). The Court thus concludes that Section 4712's prohibition on discrimination should be interpreted as covering only actions that, like a discharge or a demotion, are naturally understood as carried out by an employer against an employee—or, at the very most, similar adverse actions taken by a person or entity able to exercise similar authority over the aggrieved party.

*Angeline v. ATCS, PLLC*, 813 F. Supp. 3d 112, 118 (D.D.C. 2025).

This means that here, putting aside the issue of whether a federal contract covered by the statute is involved, which is not at all clear, for Section 4712 to protect a person's identity, that person must: (1) make a protected disclosure; (2) experience what they allege to be a reprisal by their own employer in relation to that protected disclosure; and (3) complain to an appropriate federal official about that reprisal.

Defendants offer no suggestion at all of an employee complaint about an employer, a reprisal by an employer or a complaint about a reprisal which would justify redacting the identity of the purported whistleblower from the administrative record. *See* (GOV00054-56, GOV000462, GOV000478). Indeed, referring to the complainant as a "whistleblower" provides too great an air of legitimacy. The individual ███████████████████████████████████

███████████████████████████████████████████████████████

███████. *See* (GOV00054-56); *Plaintiff's Memorandum of Law In Support of Motion for Summary Judgment* (Dkt. 40), at 9-12. Defendants' explanation for the redactions is as follows:

> Regarding whistleblower protection: as I explained to you in a virtual meet and confer on the Friday afternoon of May 15, a whistleblower is entitled to whistleblower protections under 41 U.S.C. § 4712. With respect to the document entitled whistleblower complaint, that document qualifies the individual for whistleblower protections. Making a report related to a government contract by a federal contractor employee to a federal employee responsible for contract or grant oversight or management at the relevant agency about "evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract", 41 U.S.C. § 4712, qualifies as a whistleblower. Here the SRA is a federal contract, and the substance of the whistleblower complaint falls under the guidance of statute, namely reporting evidence the employee "reasonably believes is evidence of gross mismanagement of a Federal contract … a gross waste of Federal funds, an abuse of authority relating to a Federal contract . . . , a violation of law, rule, or regulation related to a Federal Contract" and "relating to waste, fraud, or abuse." The individual making the report qualifies as an individual under the statute. Revealing the identity of the whistleblower risks retaliation by their employer. As such, the Agency refuses to provide the information. You, even as the attorney for plaintiff, are not entitled to know the identify, the protective order

notwithstanding. If you feel strongly that this individual is not entitled to whistleblower protection, then file a motion in the Court, and we will provide the individual's name for in camera review by the Court if we must. But it is straightforward from the face of the whistleblower complaint that the person is entitled to protections under the statute. The whistleblower statute protects the identity of the individual and by extension information that may lead to identifying the whistleblower is redacted.   Indeed, that statute prohibits the Inspector General's disclosure of this information, subject to certain exemptions, none of which are met here. 41 U.S.C. 4712(b)(3). While I understand that you disagree with our position, contrary to your representation below, I have explained the Government's position on this issue.

*See* Email from Counsel for Defendants to Counsel for Plaintiff, dated June 5, 2026, attached as Exhibit A.

Defendants cannot hide behind Section 4712 on an argument that ignores the plain meaning of the statute and instead claims that the statute somehow protects the identity of the person who complained to Defendants about Brisk – a stranger to the employment relationship - simply because they allegedly *fear* reprisal by their employer. Unless there has been a report about *the individual's own employer* and a reprisal by that employer, and the individual has complained about *the reprisal* to the appropriate federal official, the complainant is not entitled to confidentiality under the statute. The *Angeline* court therefore found that the employee-employer relationship is a critical aspect of Section 4712's protection. *Angeline*, 813 F. Supp. 3d at 118.

As a practical matter, this makes sense. Where an employee discloses information about his own employer to the federal government, which disclosure prompts an investigation of the employer's activities by the Inspection General, it logically follows that the employee would hope to remain anonymous to avoid retaliation by the employer. But no employee of a company can make a "protected disclosure" within the meaning of Section 4712 about a company *other than their employer*. There must be an initial complaint by the employee about the employer. *See, e.g., Arawole v. Master Security Company, LLC*, 2025 WL 947477, at *7-13 (D.D.C. March 28,  2025).

Without an employment relationship between the person making the disclosure and the company complained about, there is no risk of retaliation within the meaning of the statute to protect against. There is no remedy available in the statute that would suggest an expansion of its meaning to potential fear of conduct by third parties.

> Other textual cues point in this same direction. As ATCS notes in its reply brief, for example, the statute provides for "relief such as 'reinstatement,' 'back pay,' and restoration of 'employment benefits' " that presupposes that the entity subject to a complaint is the employer of the employee who suffered retaliation. Dkt. 55 at 3 (quoting 41 U.S.C. § 4712(c)(1)(B)). The statute also includes an express provision protecting an employee from reprisal by her employer "even if [the action] is undertaken at the request of an executive branch official," 41 U.S.C. § 4712(a)(3)(B), which suggests that liability turns on an adverse action taken by the whistleblower's employer, even if other actors may also bear some responsibility.

*Angeline*, 813 F. Supp. 3d at 119.

Indeed, the lack of any indication of an investigative report here by the Inspector General further demonstrates that Section 4712 is inapplicable to this scenario and confirms that the alleged whistleblower complaints: (1) were not protected disclosures; (2) did not lead the complainants to experience any alleged reprisals by their employers; and (3) did not lead the complainants to report any alleged employment-related reprisals to an appropriate federal official. As a result, there is no protection under Section 4712.[1]

### B. Defendants Should Redesignate Certain Alleged AEO Documents as Business Confidential Documents.

Defendants designated certain ███████ information for ███████ ███████ as Attorneys' Eyes Only, (GOV1794-95; GOV001801-02), then

---

[1] Plaintiff believes that the redacted "whistleblower" information will show the degree of influence the complainant and the complaints had on Defendants. For example, ███████ ███████ may have received more consideration and deference than ███████. And the dates of the complaints may show a relationship and bearing on actions RMA took around or near those dates.

used that information to argue in their Opposition that one reason for MGR-26-002.1 is ███████

████████████████████████████████████████████████████████████████████████.

*Opposition* at 11. The cost information at issue is found in the ███████████████

(GOV0001789), ██████████████    ███ (GOV001790-80) and ██████ ████ ███ ████████

(GOV001801-02).

The redactions at issue began on GOV001794. The ████████████████ first makes the

following claims:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████

(GOV001794).

The ████████████████ goes on to make the following claim:

████████████████████████████████████████████
████████████    ████████████████████████████
████████████████████████    ██████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

(GOV001794-95).

Finally, the Appendix purports to show a cost comparison ████████████████████

████████████████████████████, concluding that: "████████████████████████

████████████████████████████████████████████████████████████████████████

████████ ████████████████████ ████████████████████████

(GOV001802).

Notably, █████████████, █████████████ do not contain any citations or references as to the source of the date used in making calculations, nor do they demonstrate how those calculations were made and confirmed. While this is telling, as a substantive matter Brisk's counsel simply does not have the knowledge or expertise to respond to these cost issues and Defendants' argument based on the data in the AR. Brisk also does not have an expert witness retained to respond to such argument, nor would retaining one and proffering an expert report be appropriate in the posture of this Administrative Procedure Act matter. Instead, Brisk personnel need to review the AR cost information so Brisk can respond to Defendants' cost argument. Otherwise, Defendants have effectively prevented Brisk from responding. And if that is the case, the argument should be disallowed.

This Court has recognized the "at issue" doctrine, which dictates that where a party relies upon privileged materials to make his claim or defense, the party has placed the privileged materials sufficiently "at issue" in the litigation to effectively waive that claim of privilege. *See United States EEOC v. George Wash. Univ.*, 342 F.R.D. 161, 186 (D.D.C. 2022); *Trs. of the Elec. Workers Local No. 26 Pension Tr. Fund v. Tr. Fund Advisors, Inc.*, 266 F.R.D. 1, 16 (D.D.C. 2010).

Traditional notions of fairness further dictate that Plaintiff must be permitted to evaluate the materials provided to the Court as alleged "proof" of Defendants' basis for refuting Brisk's claims against them. As the United States Court of Appeals for the Second Circuit has explained:

> Underlying any determination that a privilege should be forfeited is the notion of unfairness. This notion implicates only "the type of unfairness to the adversary that results in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *John Doe Co.*, 350 F.3d at 306. And we have made it clear that "[w]hether fairness requires disclosure has been decided . . . on a case-by-case basis, and depends primarily on the specific context in which the privilege is asserted." *In re Grand Jury*, 219 F.3d at 183.

*In re Cty. of Erie*, 546 F.3d at 229.

This case presents a prime example of a situation where "it would be entirely unfair for a case to turn on an issue upon which one party has no knowledge and is barred from access to the necessary information while the other party is able to use the information to establish its claim while shielding it from disclosure." *Abbott Labs. v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 410-11 (N.D. Ill. 2001) (finding at-issue waiver).

The lack of access impedes Brisk's ability to challenge the agency's rationale to a level that would deprive Brisk of its due process rights. *See Martinez v. City of Ogden*, No. 1:08CV00087TCDN, 2009 WL 424785, at *3 (D. Utah Feb. 18, 2009) ("Defendants' request to keep information from Plaintiff implicates Plaintiff's due process rights to have a full and fair opportunity to litigate. … Restrictions on a litigant's access to information that may constitute or lead to evidence and arguments may severely hamper the litigant's participation. '[T]o deny plaintiff the right to . . . assist in its [own] litigation . . . could well border on a denial of due process.' To make these due process rights a reality, Mr. Martinez needs access to all the information which will be used in the decision of his claims." (internal citation omitted)).

**III.    CONCLUSION**

For the above reasons, Brisk respectfully requests that this Court grant its motion and order

Defendants to unredact certain documents and redesignate others in the administrative record.

Respectfully submitted,

By:    /s/ Charles A. Zdebski
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com
*Attorneys for Plaintiff,*
Dated: June 12, 2026                *Brisk Insurance Services LLC*

11

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff hereby certifies in accordance with LCvR 7(m) that on June 10, 2026, they met-and-conferred by phone with Counsel for Defendants to discuss this motion, the relief requested, and an effort to narrow areas of disagreement. Counsel for Defendants declined to agree to the requested relief and the parties were unable to narrow the areas of disagreement.

Respectfully submitted,

By:    /s/ Charles A. Zdebski
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Attorneys for Plaintiff,*
*Brisk Insurance Services LLC*

Dated: June 12, 2026

12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRISK INSURANCE SERVICES LLC,

                      Plaintiff,

   v.

FEDERAL CROP INSURANCE
CORPORATION *et al.*,

                      Defendants.

Civil Action No.: 1:26-cv-00842 (SLS)

## [PROPOSED] ORDER

AND NOW, this _____ day of _____ 2026, upon consideration of Plaintiff's Motion to Unredact Certain Administrative Record Documents and Redesignate Others, any opposition thereto and the record before this Court, it is hereby **ORDERED** that the Motion is **GRANTED** and Defendants shall do the following within three (3) days of this Order:

Defendants shall file an amended certified administrative record with unredacted copies of GOV00054-56, GOV000462, and GOV000478.

Defendants shall redesignate from Attorneys' Eyes Only to Business Confidential GOV1794-95 and GOV001801-02.

BY THE COURT:

_____
HON. SPARKLE L. SOOKNANAN, U.S.D.J.
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June 2026, the foregoing Motion to Unredact Certain Administrative Record Documents and Redesignate Others was filed electronically using the Court's CM/ECF system, which filing will generate a notice of electronic filing, reflecting service on all counsel of record.

By:   /s/ Charles A. Zdebski
      Charles A. Zdebski (#451075)
      Chad E. Kurtz (#1016934)
      COZEN O'CONNOR
      2001 M Street NW, Suite 500
      Washington, DC 20036
      Tel: (202) 280-6528
      czdebski@cozen.com
      ckurtz@cozen.com

      *Attorneys for Plaintiff,*
Dated: June 12, 2026      *Brisk Insurance Services LLC*

14