# EXHIBIT A

**From:** Morris, Robert (USADC) <Robert.Morris@usdoj.gov>
**Sent:** Friday, June 5, 2026 9:27 AM
**To:** Kurtz, Chad E. <ckurtz@cozen.com>; Georgiev-Remmel, Dimitar (USADC) <Dimitar.Georgiev-Remmel@usdoj.gov>
**Cc:** Zdebski, Charles <CZdebski@cozen.com>
**Subject:** RE: URGENT -- FW: Urgent -- Brisk / Documents wrongly labeled as AEO

**\*\*EXTERNAL SENDER\*\***

Chad,

Attached is a motion to file under seal, it is largely identical to the previous ones. Please notify us whether plaintiff consents to the motion. Below are responses to your inquiries.

Thanks,

1.  Regarding whistleblower protection: as I explained to you in a virtual meet and confer on the Friday afternoon of May 15, a whistleblower is entitled to whistleblower protections under 41 U.S.C. § 4712. With respect to the document entitled whistleblower complaint, that document qualifies the individual for whistleblower protections. Making a report related to a government contract by a federal contractor employee to a federal employee responsible for contract or grant oversight or management at the relevant agency about "evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract", 41 U.S.C. § 4712, qualifies as a whistleblower. Here the SRA is a federal contract, and the substance of the whistleblower complaint falls under the guidance of statute, namely reporting evidence the employee "reasonably believes is evidence of gross mismanagement of a Federal contract … a gross waste of Federal funds, an abuse of authority relating to a Federal contract . . . , a violation of law, rule, or regulation related to a Federal Contract" and "relating to waste, fraud, or abuse." The individual making the report qualifies as an individual under the statute. Revealing the identity of the whistleblower risks retaliation by their employer. As such, the Agency refuses to provide the information. You, even as the attorney for plaintiff, are not entitled to know the identify, the protective order notwithstanding. If you feel strongly that this individual is not entitled to whistleblower protection, then file a motion in the Court, and we will provide the individual's name for in camera review by the Court if we must. But it is straightforward from the face of the whistleblower complaint that the person is entitled to protections under the statute. The whistleblower statute protects the identity of the individual and by extension information that may lead to identifying the whistleblower is redacted. Indeed, that statute prohibits the Inspector General's disclosure of this information, subject to certain exemptions, none of which are met here. 41 U.S.C. 4712(b)(3). While I understand that you disagree with our position, contrary to your representation below, I have explained the Government's position on this issue.

Additionally, this is not discovery. This is an administrative record, which the agency has certified as complete. An email/cover letter accompanying the whistleblower complaint is not part of the administrative record. Unlike the whistleblower complaint, there is no substance in an email/cover letter that the Agency relied upon in making its decision—hence it is not part of the certified record.

2.  Identity of others: in an email dated May 22, 2026, you asked for unredacted copies of certain documents "in the AEO version of the administrative record." We unredacted those documents in the AEO version as you requested. Pursuant to the whistleblower and for similar reasons described above, each of those individuals falls under protections within the protective order and within 41 U.S.C. § 4712. As such, their identity and information that could reasonably identify them is redacted in the documents available under the confidential label.

3.  The protective order expressly protects non-Brisk confidential business information from being disclosed as "confidential business information that Plaintiff would not have access to and could use to gain a market

1

or negotiating advantage with Approved Insurance Providers." Brisk has no employees, and we made an exception to allow certain individuals to see the confidential information documents at your request. We are not making any exceptions for the confidential business information that Brisk would not otherwise have access to. In addition to the protective order, the Agency has independent obligations to keep confidential business information concealed.

4. The Brisk Policy Paper is protected under the deliberative process privilege. It is a predecisional and deliberative document prepared internally in September 2025 before MGR-25-009 went out. It is prepared for review and decisionmaking by supervisors related to the topic of agent compensation. That said, we are not required to provide a privilege log. In this Circuit, requests for privilege logs of documents that may have been withheld from an administrative record on grounds of privilege or deliberative process are routinely denied. *See, e.g., Am. Petroleum Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 267 (D.D.C. 2013) ("the Defendants are entitled to rely on the deliberative process privilege, and are not required to submit a log of privileged documents"); *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health and Human Serv.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009), *rev'd on other grounds*, 670 F.3d 1238 (D.C. Cir. 2011) ("Defendants do not need to produce a privilege log describing documents withheld from the administrative record."). In APA cases, privileged and deliberative documents reflecting internal agency deliberations are "immaterial as a matter of law—unless there is a showing of bad faith or improper behavior," since the "reasonableness of the agency's action is judged in accordance with its stated reasons." *In re: Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1279–80 (D.C. Cir. 1998). Thus, privileged and deliberative process documents need not be compiled or disclosed by the agency as part of the administrative record. *See Am. Petroleum Tankers Parent, LLC*, 952 F. Supp. 2d at 265 ("It is well established in this District that materials protected by the deliberative process privilege are not part of the Administrative Record for purposes of review of agency action."); *AMFAC Resorts, LLC v. United States Dep't of the Interior,* 143 F. Supp. 2d 7, 13 (D.D.C. 2001) ("Deliberative intra-agency memoranda and other such records are ordinarily privileged, and need not be included in the [administrative] record.").

5. Finally, under the protective order, it is the party who objects to a redaction whose burden it is to make their case, not to demand that we go line by line and explain our redactions to you. And objections are not supposed to occur piecemeal. The Department has in good faith responded to your voluminous requests for reconsidering redactions.

**Robert J. Morris, II**
Assistant United States Attorney
Civil Division | U.S. Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-2534