UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No. 26-0842 (SLS) |

**<u>CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL</u>**

Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (collectively the "Department"), through undersigned counsel, respectfully move for leave to file Defendants' Supplemental Memorandum Regarding Proposed Redactions to Memorandum Opinion Under Seal. Pursuant to Local Civil Rule 5.1(h)(1), the Department is filing the Parties' proposed redactions to the Court's Memorandum Opinion under seal pending resolution of this motion. Pursuant to Local Civil Rule 7(m), the undersigned has conferred with counsel for Plaintiff, who consents to the filing the supplemental memorandum under seal but does not consent to the Department's proposed redactions.

* * *

Dated: July 9, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *[/s/ Robert J. Morris, II]*
ROBERT J. MORRIS, II
D.C. Bar #1719434
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2534
robert.morris@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRISK INSURANCE SERVICES LLC,

Plaintiff,

v.

FEDERAL CROP INSURANCE CORPORATION *et al.*,

Defendants.

Civil Action No. 26-0842 (SLS)

**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPORT OF CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL**

## TABLE OF CONTENTS

Table of Contents ..... i

Table of Authorities ..... ii

Legal Standards ..... 1

Argument ..... 2

I. Discussions About Confidential Business Records and Whistleblower Complaints in the Administrative Record Should Be Filed Under Seal ..... 2

A. The Hubbard Factors Favor Filing the Department's Opposition and Cross-Motion Under Seal ..... 4

Conclusion ..... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Abdelhady v. George Wash. Univ.*,
89 F.4th 955 (D.C. Cir. 2024)....4
*Alexander v. F.B.I.*,
186 F.R.D. 54 (D.D.C. 1998)....3
*Alyeska Pipeline Service Co. v. EPA*,
856 F.2d 309 (D.C. Cir.1988)....3
*American Bioscience, Inc. v. Thompson*,
243 F.3d 579 (D.C. Cir. 2001)....2
*Cliq Inc. v. Fed. Trade Comm'n*,
No. Civ. A. No. 26-488 (JEB), 2026 WL 592362 (D.D.C. Mar. 3, 2026)....5
*Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*,
339 F.R.D. 334 (D.D.C. 2021)....3
*EEOC v. Nat'l Children's Ctr., Inc.*,
98 F.3d 1406 (D.C. Cir. 1996)....2
*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*,
No. 204CV01199DAEGWF, 2008 WL 11388585 (D. Nev. June 18, 2008)....3
*Hubbard*,
650 F.2d....1
*In re Nat'l Broad. Co.*,
653 F.2d 609 (D.C. Cir. 1981)....2
*Metlife, Inc. v. Fin. Stability Oversight Council*,
865 F.3d 661 (D.C. Cir. 2017)....2, 5
*Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv., Co.*,
151 F.R.D. 478 (D.D.C. 1993)....4, 5
*Michaels v. NCO Fin. Sys. Inc.*, Civ. A.,
No. 16-1339 (ACR) (ZMF), 2023 WL 4857413 (D.D.C. July 31, 2023)....5
*New York v. Microsoft Corp.*,
Civ. A. No. 98-1233 (CKK), 2002 WL 1315804 (D.D.C. May 8, 2002)....3
*Nixon v. Warner,*
*Comms.*, 435 U.S. 589 (1978)....3
*Tavoulareas v. Wash. Post Co.*,
111 F.R.D. 653 (D.D.C. 1986)....5
*United States v. Garde*,
673 F. Supp. 604 (D.D.C.1987)....3

Statutes

5 U.S.C. § 706(2)(A)....1

Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (collectively the "Department"), through undersigned counsel, respectfully move for leave to file Defendants' Supplemental Memorandum Regarding Proposed Redactions to Memorandum Opinion Under Seal. The Parties met and conferred. Plaintiff consents to the Department's filing a supplemental memorandum under seal but does not consent to the Department's proposed redactions.

Pursuant to the Stipulated Protective Order, the Parties may designate documents as confidential and AEO. ECF No. 22, ¶¶ 2-4. The Department has designated the following documents as confidential: (1) Approved Insurance Provider ("AIP") contracts and confidential business information involving Brisk, other service providers, and AIPs; and (2) administrative emails, meeting notes, and analysis documentation involving confidential business information related to Brisk, other service providers, and AIPs. The Department has also designated the following documents as AEO: (1) AIP software contracts with vendors other than Brisk; (2) "confidential business information that [Brisk] would not have access to and could use to gain a market or negotiating advantage with [AIPs]"; and (3) portions of whistleblower complaint documents that identify, or the Department believes in good faith could reasonably be used by Brisk to identify, the whistleblowers. ECF No. 22 ¶ 3.

**LEGAL STANDARDS**

"[W]hen a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during

the judicial proceedings.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665–66 (D.C. Cir. 2017) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). A seal may be maintained only "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (internal quotation marks and citations omitted).

## ARGUMENT

### I. <u>Discussions About Confidential Business Records and Whistleblower Complaints in the Administrative Record Should Be Filed Under Seal</u>

Under the holding in *American Bioscience, Inc. v. Thompson*, 243 F.3d 579, 583 (D.C. Cir. 2001), this Court cannot evaluate whether an agency action is arbitrary or capricious without an administrative record.

The Department has designated the following documents as confidential: (1) Approved Insurance Provider ("AIP") contracts and confidential business information involving Brisk, other service providers, and AIPs; and (2) administrative emails, meeting notes, and analysis documentation involving confidential business information related to Brisk, other service providers, and AIPs. The Department has also designated the following documents as AEO: (1) AIP software contracts with vendors other than Brisk; (2) "confidential business information that [Brisk] would not have access to and could use to gain a market or negotiating advantage with [AIPs]"; and (3) portions of whistleblower complaint documents that identify, or the Department believes in good faith could reasonably be used by Brisk to identify, the whistleblowers. ECF No. 22 ¶ 3.

The confidential and AEO documents involve confidential business information, which have been recognized as appropriate to file under seal. "Protecting an entity's 'competitive standing' through retained confidentiality in business information has been recognized as an appropriate justification for restriction of public or press access." *New York v. Microsoft Corp.*, Civ. A. No. 98-1233 (CKK), 2002 WL 1315804, at *1 (D.D.C. May 8, 2002) (quoting *Nixon v. Warner Comms.*, 435 U.S. 589, 598 (1978)); *see also Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 341 (D.D.C. 2021) (quoting *Alexander v. F.B.I.*, 186 F.R.D. 54, 58 (D.D.C. 1998) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly where there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party.").

Similarly, "several courts recognize that whistleblowers may need protection from retaliation." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 204CV01199DAEGWF, 2008 WL 11388585, at *5 (D. Nev. June 18, 2008); *see also United States v. Garde*, 673 F. Supp. 604 (D.D.C.1987) (denying motion to compel the name of whistleblowers and recognizing the potential for retaliation against the confidential whistleblowing sources and the lack of assurance that the confidential sources would be protected against retaliation; *Alyeska Pipeline Service Co. v. EPA*, 856 F.2d 309 (D.C. Cir.1988) (declining to order the Environmental Protection Agency to turn over documents in part because release of the documents would permit the identification of the employees who provided the document and thereby subject them to the risk of harassment or reprisals); *Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv., Co.*, 151 F.R.D. 478, 482 (D.D.C. 1993) (denying motion to compel the identity of confidential sources or turn over documents that

could identify confidential sources unless and until the Court is satisfied that the sources will be adequately protected against retaliation).

### A. The Hubbard Factors Favor Filing the Department's Opposition and Cross-Motion Under Seal

The Department seeks leave to file Defendants' Supplemental Memorandum Regarding Proposed Redactions to Memorandum Opinion Under Seal that discusses documents labeled confidential and AEO under seal. "[A]s with any presumption, the preference for public access is not ironclad." *Abdelhady v. George Wash. Univ.*, 89 F.4th 955, 958 (D.C. Cir. 2024). The D.C. Circuit has "identified six factors to guide the inquiry into whether the presumption is overcome: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to the disclosure, and their identity; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* "[T]hose are the factors a court should weigh in ruling on a motion to seal . . . a judicial record." *Id.* These factors are known as the "*Hubbard* factors," *id.*, named for *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), which first articulated them.

The *Hubbard* factors firmly favor filing the Parties' proposed redactions to the Court's Memorandum Opinion under seal. The need for public access to the materials at issue is minimal because the parties will discuss portions of these materials that bear on the present dispute in their public filings, so the only portions of these materials on which the parties' briefing will shed no light are those that have no bearing on this case. For essentially the same reason, the purpose for which the materials are being introduced does not weigh toward disclosure. There has been no prior public access to these materials. And both parties object to disclosure.

Finally, the privacy interests in the contents of the materials discussed and the possibility of prejudice are significant. The materials at issue involve assertions of confidential business information and whistleblower documents. Because the information currently redacted contains sensitive business information that could be used by Brisk's competitors, "the privacy interests are substantial." *Cliq Inc. v. Fed. Trade Comm'n*, No. Civ. A. No. 26-488 (JEB), 2026 WL 592362, at *2 (D.D.C. Mar. 3, 2026) (quoting *Michaels v. NCO Fin. Sys. Inc.*, Civ. A. No. 16-1339 (ACR) (ZMF), 2023 WL 4857413, at *5 (D.D.C. July 31, 2023); *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017) ("For documents containing sensitive business information and trade secrets, those factors often weigh in favor of sealing and ... courts commonly permit redaction of that kind of information."); *Tavoulareas v. Wash. Post Co.*, 111 F.R.D. 653, 655–56 (D.D.C. 1986) (maintaining seal of private business information where a third party sufficiently demonstrated that the release of the information would harm its business).

Additionally, the documents discussed contain whistleblower complaints or information that might reveal the identify of a whistleblower, which have a substantial privacy interest. *See e.g., Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv., Co.*, 151 F.R.D. 478, 482 (D.D.C. 1993) (denying motion to compel the identity of confidential sources or turn over documents that could identify confidential sources unless and until the Court is satisfied that the sources will be adequately protected against retaliation). Moreover, pursuant to Appendix I (b) and (c) of the Standard Reinsurance Agreement, the Department officials are obligated to protect confidential business information. Appendix I, ¶¶ (b)(3) and (c).

*  *  *

**CONCLUSION**

For these reasons, this Court should grant Defendants' Supplemental Memorandum Regarding Proposed Redactions to Memorandum Opinion Under Seal that discusses documents labeled confidential and AEO pursuant to the protective order under seal.

Dated: July 9, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *<u>/s/ Robert J. Morris, II</u>*

ROBERT J. MORRIS, II
D.C. Bar #1719434
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2534
robert.morris@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No. 26-0842 (SLS) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion for leave to file under seal, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that pursuant to the inherent authority recognized in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980) and the Protective Order, Defendants may file Defendants' Supplemental Memorandum Regarding Proposed Redactions to Memorandum Opinion Under Seal.

SO ORDERED:

__________________
Date

__________________________________
SPARKLE L. SOOKNANAN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No. 26-0842 (SLS) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING**
**PROPOSED REDACTIONS TO MEMORANDIUM OPINON UNDER SEAL**

## TABLE OF CONTENTS

Table of Contents ........................................................................................................ i

DISCUSSION ........................................................................................................ 1

I. Page 8 Redaction ........................................................................................ 1

II. Page 9 Redactions ...................................................................................... 1

Defendants Federal Crop Insurance Corporation, Risk Management Agency, and Patricia Swanson, in her official capacity as Manager of the Federal Crop Insurance Corporation and as Administrator of Risk Management Agency (collectively the "Department"), by and through undersigned counsel files this supplemental memorandum justifying the below sentences on pages 8-9 for redaction in an unsealed version of the sealed Memorandum Opinion (ECF No. 60) pursuant to the Court's July 2, 2026, Minute Order.

## DISCUSSION

## I. <u>Page 8 Redaction</u>

Plaintiff has indicated it wants the language concerning its contract to be redacted within the following sentence, and the Department agrees. The sentence contains business confidential information under the protected order because it is information contained in Brisk contract.

**The once sentence proposed for redaction on page 8:**

1. [redacted]

## II. <u>Page 9 Redactions</u>

The Department requests the following four sentences be redacted in full. Plaintiff has indicated that—despite agreeing with these redactions last week—it now opposes these four redactions.

The following four sentences proposed for redaction are on page 9 of the sealed Memorandum Opinion, and the sentences concern information relating to whistleblower identity, information that might reveal whistleblower identity, or business confidential information about an AIP.

Throughout numerous meet and confers with Plaintiff's counsel over the last several months, Plaintiff's attorneys have expressly represented several times that they believe they know who the whistleblower is from reviewing the administrative record documents. Accordingly, the last three sentences below should be redacted as information that might reasonably reveal whistleblower identity.

All four sentences below, which are on page 9 of the sealed Memorandum Opinion, refer to administrative record pages designated as attorneys' eyes' only pursuant to the protective order. No one besides the attorneys have been permitted access to the information that is discussed in these four sentences within the sealed Memorandum Opinion. These sentences should be redacted in full as relating to whistleblower identity, information that might reasonably reveal whistleblower identity, or concerning confidential business information that is not otherwise available.

**The four sentences proposed for redaction on page 9:**

1. [redacted]
2. [redacted]
3. [redacted]
4. [redacted]

Dated: July 9, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Robert J. Morris, II_*
ROBERT J. MORRIS, II
D.C. Bar #1719434
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2534
robert.morris@usdoj.gov

*Attorneys for the United States of America*