**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No.: 1:26-cv-00842 |

**CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to the Protective Order (Dkt. 22), plaintiff Brisk Insurance Services LLC respectfully moves for leave to file its Supplemental Memorandum regarding Proposed Redactions, which contains information designated as confidential and AEO, on the docket under seal. Pursuant to Local Civil Rule 5.1(h)(1), Brisk is filing these documents under seal pending resolution of this motion. Pursuant to Local Civil Rule 7(m), the undersigned has conferred with counsel for Defendants, who consent to the relief sought.

Respectfully submitted,

By: /s/ Charles A. Zdebski

Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Attorneys for Plaintiff,*
*Brisk Insurance Services LLC*

Dated: July 9, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No.: 1:26-cv-00842 |

**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF**
**CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL**

Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
ckurtz@cozen.com

*Attorneys for Plaintiff,*
*Brisk Insurance Services LLC*

Dated: July 9, 2026

**Page**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. LEGAL STANDARD ........ 2

II. ARGUMENT ........ 2

A. As this Court Previously Held, the *Hubbard* Test Counsels in Favor of Sealing Brisk's Reply Brief in Further Support of its Motion for Summary Judgment Containing Confidential- and AEO-Designated Materials. ........ 2

CONCLUSION ........ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bioscience, Inc. v. Thompson*, 243 F.3d 479 (D.C. Cir. 2001)............................................... 4

*EOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406 (D.C. Cir. 1996) ............................................. 2

*In re Nat'l Broad. Co.*, 653 F.2d 609 (D.C. Cir. 1981) .................................................................. 2

*Metlife, Inc. v. Fina. Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017) ........................ 2

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) ............................................................ 2

**Statutes**

5 U.S.C. § 706............................................................................................................................... 1

## INTRODUCTION

Plaintiff Brisk Insurance Services LLC ("Brisk") respectfully moves for leave to file documents labeled business confidential and attorneys' eyes only ("AEO") pursuant to the Protective Order (Dkt. 22) on the docket under seal.

This action arises from Brisk's challenge to Manager's Bulletin MGR-26-002.1. Brisk files this supplemental memoranda to explain why each proposed redaction in the Memorandum Opinion (Dkt. 60) is justified. In accordance with the Protection Order, Brisk intends to file two (2) versions of its Supplemental Memorandum regarding Proposed Redactions with two levels of redaction: (1) a public version redacting all information designated as confidential, including business confidential and AEO; and (2) a sealed version with no redactions. It is for the latter version that Brisk files the present motion.

Pursuant to the Protective Order, the parties may designate documents as business confidential and AEO. (Dkt. 22, ¶¶ 2–4). As articulated in Defendants' Memorandum and Points of Authorities in Support of Consent Motion for Leave to File Under Seal (ECF No. 25-1), Defendants have designated the following materials as confidential:

> (1) Approved Insurance Provider ("AIP") contracts and confidential business information involving Brisk, other service providers, and AIPS; and (2) administrative emails, meeting notes, and analysis documentation involving confidential business information related to Brisk, other service providers, and AIPs.

(Dkt. 25, at 1). Additionally, the following materials have been designated as AEO:

> (1) AIP software contracts with vendors other than Brisk; (2) "confidential business information that [Brisk] would not have access to and could use to gain a market or negotiating advantage with [AIPs]"; and (3) portions of whistleblower complaint documents that identify, or the Department believes in good faith could reasonably be used by Brisk to identify, the whistleblowers.

## I. LEGAL STANDARD

Although there is "a 'strong presumption in favor of public access to judicial proceedings,'" this "presumption may be outweighed in certain cases by competing interests." *Metlife, Inc. v. Fina. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). "Specifically, when a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.'" *Id.* (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). The *Hubbard* test, as it is known, "serve[s] as the lodestar" for motions to seal or unseal judicial records "because it ensures that [the courts] fully account for the various public and private interests at stake." *Id.* at 666. "A seal may be maintained only 'if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interested advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires.'" *Id.* (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)).

## II. ARGUMENT

### A. As this Court Previously Held, the *Hubbard* Test Counsels in Favor of Sealing Brisk's Supplemental Memorandum regarding Proposed Redactions, Which Contains Confidential- and AEO-Designated Materials.

Brisk's intended method filing of its Supplemental Memorandum regarding Proposed Redactions—a public version with all necessary redactions and a sealed version to account for confidential business information and documents marked AEO—properly balances the public's interest in access to judicial records and the parties' interests in protecting confidential business

information and alleged whistleblower documents. Indeed, as this Court previously held when it granted Defendants' Motions to Seal (Dkt. 25, 26):

> Together, [the *Hubbard*] factors largely weigh in favor of granting the Defendants' Motions. There is little public need in accessing private entities' "sensitive business information and trade secrets." *Metlife*, 865 F.3d at 671. There has been no prior public access to these materials. Mem. 4. And both parties object to disclosure. *Id.* There is a substantial privacy interest in confidential business information and whistleblower reports about them, which would be threatened by public disclosure in this case. *See Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 341 (D.D.C. 2021) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts[.]" (citation omitted)); *Mgmt. Info Techs., Inc. v. Alyeska Pipeline Serv., Co.*, 151 F.R.D. 478, 482 (D.D.C. 1993) (holding that the Court may put conditions on the disclosure of whistleblower materials). And the Parties shall discuss the portions of the materials relevant to this dispute in their public filings, mitigating any harm to the public's interest in accessing court proceedings. In sum, sealing is appropriate in this case.

(Dkt. 27, at 2).

Brisk's intended method of filing protects all interests in this litigation: the public may access and inspect its Supplemental Memorandum regarding Proposed Redactions, with the necessary redactions made to protect confidential business information, alleged whistleblower documents, and AEO documents.

## CONCLUSION

For these reasons, Brisk respectfully requests that this Court grant its Motion for Leave to File Under Seal.

Respectfully submitted,

By: /s/ Charles A. Zdebski
Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528

czdebski@cozen.com
ckurtz@cozen.com

*Attorneys for Plaintiff,*
*Brisk Insurance Services LLC*

Dated: July 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July 2026, I caused Plaintiff's Motion for Leave to File Under Seal to be served via ECF on all counsel of record.

/s/ Charles A. Zdebski
Charles A. Zdebski

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No.: 1:26-cv-00842 |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's motion for leave to file under seal, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is GRANTED, and it is further

ORDERED that pursuant to the inherent authority recognized in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980) and the Protective Order, Plaintiff may file its Supplemental Memorandum regarding Proposed Redactions, including information from documents labeled attorneys' eyes only and confidential under seal.

SO ORDERED:

____________________
Date

________________________________
SPARKLE L. SOOKNANAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISK INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION *et al.*,<br><br>Defendants. | Civil Action No.: 1:26-cv-00842 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
**REGARDING PROPOSED REDACTIONS**

Pursuant to the Minute Order dated July 2, 2026, plaintiff Brisk Insurance Services LLC ("Brisk") submits this supplemental memorandum to identify the portions of the Memorandum Opinion dated June 24, 2026 that it believes warrant redaction. The underlined parts of the below five sentences are what Brisk believes should be redacted.

| Sentence | Location in Memorandum Opinion | Basis for redaction |
|---|---|---|
| "Brisk assured the FCIC that AIPs would not be paying such fees; instead 'Brisk w[ould] be compensated <u>at a rate of</u> [redacted].'" | Page 8, lines 17-19 | Financial-related contract terms |
| "In September 2025, [redacted] | Page 9, lines 5-7 | Protection of alleged whistleblower identity (in light of the sentences that follow it) |

| | | |
|---|---|---|
| [redacted]." | | |
| "That [redacted] reported [redacted] to the FCIC—expressing its view that Brisk's software should be considered agent compensation to [redacted]." | Page 9, lines 7-9 | Protection of alleged whistleblower identity |
| "The [redacted] also shared a 'copy of a presentation that Farm Credit Services of America [was] using to push their agents to move business to Brisk'—titled 'BRISK Software Project Overview' and dated (by the FCIC) to August 25, 2022." | Page 9, lines 9-12 | Protection of alleged whistleblower identity |
| "According to the [redacted], that presentation made "clear" that Farm Credit and Brisk were "conspiring to violate the Agent Compensation Limits of the SRA." | Page 9, lines 12-14 | Protection of alleged whistleblower identity |

Respectfully submitted,

By: /s/ Charles A. Zdebski

Charles A. Zdebski (#451075)
Chad E. Kurtz (#1016934)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 280-6528
czdebski@cozen.com
*Attorneys for Plaintiff,*
*Brisk Insurance Services LLC*

Dated: July 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July 2026, I caused Plaintiff's Supplemental Memorandum Regarding Redactions to be served via ECF on all counsel of record.

/s/ Charles A. Zdebski
Charles A. Zdebski